## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 17061. Department One. October 21, 1922.]

### JOSEPH BASINSKY, *Respondent*, v. THE NATIONAL CASUALTY COMPANY, *Appellant.*[1]

INSURANCE (31, 33)—CONTRACT—APPLICATION AND ·RECEIPT—ACCEPTANCE. Where an application for accident insurance provided that the application shall not be binding until accepted by the secretary at the home office, the company is not liable upon a policy issued by an agent, for an injury sustained one day before the policy was written and two days before the application was accepted, the policy providing that it should begin on noon of the date issued.

SAME (30)—EXECUTORY AGREEMENTS—AUTHORITY OF AGENT—TIME COVERED. Where an application for accident insurance provided that it should not be binding until accepted by the secretary at the home office, the agent had no authority to agree with the insured that the policy should take effect immediately, so as to cover an injury sustained prior to the time the application was accepted.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered September 1, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action on an accident insurance policy. Reversed.

*Hadley & Abbott,* for appellant.

*Pemberton & Sampley,* for respondent.

BRIDGES, J.—Suit on an accident insurance policy.

The facts are: The plaintiff was a laborer working in the woods near the city of Bellingham for Wood-

[1]Reported in 209 Pac. 1077.

Knight Logging Company. On the evening of October 25, 1920, one Mr. Handy, soliciting agent for the defendant, visited the plaintiff at the logging camp and requested him to take out some accident insurance. After some conversation on the matter, and during the same evening, the plaintiff made written application for the insurance. At the same time he gave to the agent an order on his employer for the necessary premium. Early the next morning, to wit, the 26th, this order was accepted and the money paid to the agent. Thereafter the written application and the necessary amount of money were forwarded or given by the agent to a representative of the casualty company living in the city of Bellingham and who had authority to accept applications for insurance and to write policies. On the 27th of October, the application was accepted and the policy written and subsequently delivered to the plaintiff. After the making of the application for the insurance, but before it was accepted by the company, the plaintiff was injured. The casualty company denied liability and this suit resulted. The case was tried to a jury, and upon a verdict in favor of the plaintiff a judgment was entered, from which the casualty company has appealed.

During the trial of the case, the court, over the objections of the appellant, permitted the respondent to testify that, when the application for the insurance was being made out, or when it was delivered to the insurance agent, that agent told the respondent that he "was protected from the time he [the agent] receipted for the money," and that the insurance went into effect at that time.

Considering the important and difficult questions involved, we regret that the respondent has not been able to favor us with a written brief, although his

counsel orally argued the case at the time it was called for hearing.

Two principal questions are involved: First, does the written evidence, to wit, the application for the insurance, the receipt by the agent of the necessary premiums and the policy of insurance, show that the contract went into effect before the respondent was injured? and, second, if the first question should be answered in the negative, then was it competent for the respondent to testify that the agent told him, at the time the application was made, that he was insured and protected from that time?

We will discuss these questions in the order named. The application was on a printed form furnished by the casualty company and was signed by the respondent. It is dated October the 26th, but the undisputed testimony shows that it was actually made out, signed and delivered on the evening of October 25th. It contained the following clause:

"I agree that this application shall not be binding upon the company until accepted either by the secretary at the home office or by an agent duly authorized to issue policies."

When the premium money was paid to the agent, he made and delivered to the respondent a receipt on a printed form furnished by the casualty company. It reads as follows:

"Received from Joseph Basinsky an application fee of $5 for a policy in The National Casualty Co., and the sum of $7.80 being payment of premium in advance to carry policy to February 1, 1921. [Signed] F. W. Handy.

"It is expressly agreed, that should the said company decline or fail to issue a policy hereon in twenty days from the date hereof, the amount of payment actually made shall be returned to said applicant by the person signing this receipt. Applicants will please

notify the company at Detroit, Mich., should the policy not be received in ten days from the date hereof.''

The policy is dated at noon, October 27, and recites that it insures the respondent ''from twelve o'clock, noon, standard time, of the day this contract is dated, until twelve o'clock, noon, standard time, of the first day of February, 1921, . . .''

The application for the insurance and its acceptance would, under ordinary circumstances, constitute the contract. It will be observed that the application specifically provides that there is no contract made until it [the application] has been accepted by the secretary at the home office or by an agent duly authorized to issue policies. The testimony shows that the application was not accepted until after the respondent was injured, and the policy itself expressly states that it shall go into effect at a certain time, which was the day following the respondent's injury. From these papers it is plain that, at the time the respondent was injured, there was no contract between the parties. But respondent's counsel orally argued that, when the application was accepted, a contract was made which related back to the time of making the application. If the proposition made by respondent had been unconditionally acepted, we could see much force in the argument, although there seems to be authority to the contrary. But here the only acceptance was that implied by the writing of the policy. That instrument expressly denies that the term of insurance shall begin at the date of the application, because it provides that it shall begin at noon of the 27th of October, which was two days after the making of the application and one day after the injury. The appellant had a right to thus conditionally accept the proposition.

Since the insurance papers show that there was no insurance in effect at the time of respondent's injury,

he cannot recover unless the statement of the agent, made at the time the application was given, that the respondent was protected from that time should alter the situation. Let us see whether the insurance agent had authority to make such an agreement and whether the appellant was bound thereby. The application for the insurance informed the respondent that the agent, Handy, had no power or authority to accept the application or to make any contract as to when the insurance would go into effect, because it, in effect, stated that there would be no contract of insurance until the application had been accepted by some person in authority other than the agent, Handy. If Mr. Handy had authority to agree that the insurance would start at the date of the application, he likewise must have had authority to accept the application; a power which the application itself directly denies. Respondent had no right to rely on any such statement from the agent, because the application, by necessary inference, showed he did not have such power. It seems to us plain that it was the intention of the parties that there could be no insurance until some person authorized so to do accepted the application. The application is but a proposition or a promise by the applicant and cannot in itself put the insurance in force until some person with authority to bind the appellant had completed the contract by accepting the proposition. In the case of *Rogers v. Equitable Mutual Life & Endowment Ass'n*, 103 Iowa 337, 72 N. W. 538, the facts were very similar to those here. The court said:

"In short, there is no case coming to our notice that holds to the rule of appellant's contention. In fact, we do not find a case where the question is considered as to a company being liable on a policy where an acceptance of the application was necessary to complete the contract, and the application had not been

received when the loss or accident occurred, that an acceptance afterwards is held to relate back to the date of the application. Such a rule would be violative of all general rules governing the taking effect of contracts. . . . In 2 May, Insurance, section 400, it is said that the policy, if delivered, takes effect from its date, unless it be otherwise stated. That seems to be the uniform rule where not otherwise provided.''

In the case of *Coker v. Atlas Acc. Ins. Co.*, 31 S. W. (Tex. Civ. App.) 703, the court said:

''It is especially stipulated in the application, which is made a part of the policy, that 'the company shall not be liable for any bodily injury or death happening prior to the receipt and acceptance of this application and the membership fee by the general manager in Boston.' The contract of liability does not begin from the receipt of the application but from the date of its receipt and acceptance.''

In the case of *Allen v. Massachusetts Mut. Acc. Ass'n*, 167 Mass. 18, 44 N. E. 1053, the court said:

''Besides the above mentioned statement of the agent that the policy would be delivered on August 1st, the plaintiff offered to prove that the agent told him when he signed the application that he was insured from that moment. This evidence was excluded, and rightly. The eighteenth clause of the application signed by him told the plaintiff by construction that the agent had no power to accept it, and, even if the agent had had all the powers of the defendant, it would not have been permissible to override the plaintiff's express written agreement by contemporaneous talk. The contract on which the plaintiff had to recover, if at all, was an acceptance of his application. The conversation did not tend to prove any other.''

See, also, 26 C. J. 100.

The respondent, at the argument, cited and seemed to directly rely upon the case of *Star v. Mutual Life Ins. Co.*, 41 Wash. 228, 83 Pac. 116. The facts of that case are entirely different from those here. There the

application for the insurance, which was made on a blank furnished by the company, read that:

"I have paid $...... to the subscribing soliciting agent, who has furnished me with a binding receipt therefor, signed by the secretary of the company, making the insurance in force from this date, provided this application shall be approved and the policy duly signed by the secretary at the head office of the company and issued."

The receipt given by the soliciting agent provided that the policy should "take effect from date," which was the time of the making of the application. Plainly, when the company accepted this application, it in effect agreed that the policy, when written, should relate back to the date of the application, and it was so held in that case. But there is no such situation here. In fact, the application and all of the papers show exactly the contrary. The contract of insurance is made like any other contract. There must be a proposition by one party and an acceptance by the other. There must be a meeting of the minds. Here the accident happened after the proposition was made, but before it was accepted. We recognize the rule that insurance policies and applications therefor are to be liberally construed in favor of the assured; but we are not authorized by any rule of law to make a new contract for the parties or to change the one they have made. It follows from what we have said that the insurance agent had no power to bind the company by an agreement with the assured that the insurance should be in effect from the date of the application.

We think the motion of the appellant for judgment in its favor should have been granted.

The judgment is reversed, with instructions to dismiss the case.

PARKER, C. J., TOLMAN, MITCHELL, and MAIN, JJ., concur.