[No. 37189. Department One. July 16, 1964.]

DONNA SLIPPERN *et al., Respondents,* v. JENS C. BRIGGS *et al., Appellants.* *

*Lycette, Diamond & Sylvester* and *Martin L. Wolf,* for appellants.

*Elliott, Lee, Carney & Thomas* and *Fred T. Smart,* for respondents.

*Reported in 394 P.2d 229.

Rosellini, J.—This is an appeal from an order vacating a jury verdict in favor of the defendants and granting the plaintiffs a new trial. Before trial of the case, the defendants' motion to try the issues of liability and damages separately, as permitted by Rule 42, Rules of Pleading, Practice, and Procedure, was granted. The jury found for the defendants on the issue of liability, and the trial court predicated its order granting a new trial on its conclusion that the plaintiffs had been prejudiced by the exclusion of evidence concerning the nature of the injuries suffered by the plaintiffs' minor child.

The accident occurred on Roosevelt Way in Seattle, just south of the point where it intersects with NE 91st Street. The evidence showed that as the defendant Jens C. Briggs, who will be referred to as the defendant, approached the intersection in his automobile, driving west on NE 91st Street, he was blinded momentarily by the late afternoon sun. He turned south on Roosevelt Way, driving between 5 and 20 miles per hour. After he completed the turn, the sun was no longer in his eyes. He did not see Donna Slippern, who had set out from her home, located about 50 feet south of the intersection on the west side of Roosevelt Way, on an errand to a grocery store located on the east side of Roosevelt Way, in the block north of NE 91st Street. Before the defendant had shifted his automobile into high gear, he heard a noise, like a bump or thump, and, when he looked in the rearview mirror, saw a little girl crawling toward the curb. There was no eye witness to the accident.

The evidence established that the point where the child crawled to the curb was between 48 and 60 feet south of the intersection. Soft-drink bottles which she had been carrying were seen in the street about 50 feet south of the intersection. Her testimony was that she had gone to the unmarked crosswalk, as she had been taught to do, and was struck by the automobile in that area. The circumstantial evidence tended to show that she had attempted to cross the street south of the intersection. The verdict of the jury indicates a finding that the accident occurred

outside the crosswalk and that the child was guilty of contributory negligence.

In their efforts to establish their theory that the accident occurred in the crosswalk, the plaintiffs offered testimony by an orthopedist concerning the nature of the child's injuries. After hearing the offer of proof, the trial court determined that a description of the injuries would not have probative value on the issue of liability and excluded the evidence. It was the trial court's conclusion that this evidence was improperly excluded, which prompted the granting of the motion for a new trial on all issues. The defendants urge that the court erred in reversing its ruling on this question.

The plaintiffs, on the other hand, contend that it was error in the first place to order separate trials on the issues of liability and damages.

Rule 42, Rules of Pleading, Practice, and Procedure, provides:

"(a) *Separate Trials.* The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

▪ The granting or denying of a request for separate trials of separate issues is discretionary with the trial court. *Sage v. Northern Pac. Ry.*, 62 Wn.2d 6, 380 P.2d 856. Unless the plaintiffs were prejudiced by the granting of the request in this case, there was no abuse of discretion. The trial judge who passed on the motion for a new trial (who was not the same judge who granted the motion to try the issues separately) was of the opinion that the order was prejudicial because a description of the child's injuries would aid the jury in deciding precisely where the accident occurred.

▪ We are convinced that the trial court was in error in this opinion. The medical witness whose testimony was offered by the plaintiffs stated that he was not able to tell from the nature of the injuries how far the child had been dragged, or even if she had been dragged. According to

his offered testimony, the injuries could have been received in any one of a number of ways. It was possible that the child could have been struck within the crosswalk and carried on the automobile 50 feet to the point where she was found, but the doctor could not say that it was his opinion that this had occurred, or even that it was probable that the accident had occurred in this manner. If the doctor who examined the victim could not form an opinion as to the point at which the accident had occurred, to permit the jury to draw its own inferences from a description of the injuries would be to invite speculation and conjecture.

While the doctor was not allowed to describe the injuries, he was permitted to give his opinion of the cause of the injuries insofar as he was able to form one. He told the jury that he thought the child had either been thrown through the air, or dragged or rolled by the vehicle, and had been in contact with the pavement over an area of about 10 feet. Thus the jury was given the full benefit of the doctor's testimony, insofar as it bore on the issue of liability. Permitting the witness to describe the injuries would have added nothing to the probative value of his testimony. Consequently, the plaintiffs were not prejudiced by the exclusion of this evidence.

The defendants contend that it was error to permit the doctor to give his opinion at all, since it was obviously conjecture. We need not decide this question, however, inasmuch as we have determined that the verdict in their favor should be reinstated.

It is so ordered.

Ott, C. J., Finley and Hunter, JJ., and Edgerton, J. Pro Tem., concur.

---

[En Banc. April 22, 1965.]*

Per Curiam.—Upon a rehearing En Banc, a majority of the court adheres to the Departmental opinion heretofore filed herein.

*Reported in 401 P.2d 216.