[No. 38183.     Department One.     January 11, 1968.]

WILLIAM G. MAKI et al., *Appellants*, v. ALUMINUM BUILDING PRODUCTS et al., *Respondents.**

*Hamilton, Lynch & Kuntz*, by *Frank T. Kuntz*, for appellants.

*Murray & Hanna, Ned W. Kimball*, and *David T. Ellis*, for respondents.

WEAVER, J.—May 16, 1963, pursuant to Rule of Pleading, Practice and Procedure 20 (a),[1] five plaintiffs, William G.

*Reported in 436 P.2d 186.

[1]*Permissive Joinder.* "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the

Maki, Leonard Radke, Andrew Torgerson, Harrel F. Rice, and Norman Kiehn, and their respective wives, commenced this action against Aluminum Building Products, a general partnership (the membership of the partnership is not disclosed), and the partnership's alleged successor, Aluminum Building Products Company, a corporation.

The five statements of claim, not separately stated, arise from five unrelated transactions alleged to have occurred on different dates[2] during a period of almost 3 months. The transactions were alleged to be of the same general character—the sale and installation of aluminum siding upon plaintiffs' residences. The sales were alleged to have been made by agents of defendant under false and fraudulent representations, which, as pleaded, vary with each plaintiff.

The complaint is verified by each plaintiff. Although defendant states in its appellate brief that the contract between plaintiff Maki and defendant was attached to plaintiffs' complaint, we do not find that written contracts were pleaded by any plaintiff, and there is no copy of a written contract attached to plaintiffs' complaint as it appears in the certified transcript before us.

Plaintiffs appeal from (1) an order striking certain paragraphs from the complaint; (2) an order granting separate trials; and (3) a summary judgment for defendant.

June 11, 1964, defendant moved to strike identical[3] paragraphs 5, 9, 13, 17 and 21 of the complaint upon the ground that the allegations therein contained "are on their face

alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of these persons will arise in the action. . . . ." RPPP 20. (a), RCW vol. 0. (Now CR 20(a) effective July 1, 1967, 71 Wn.2d lviii (May 5, 1967)).

[2]Torgerson: December 1, 1962; Maki: December 4, 1962; Kiehn: December 19, 1962; Radke: February 14, 1963; Rice: February 23, 1963.

[3]"Plaintiff Maki [as do the other plaintiffs] would allege that the representations made were part of a scheme to sell siding at a highly inflated price; that such scheme was conceived in the spirit of criminal indifference to civil obligations; that such scheme was malicious and oppressive, and constituted gross fraud in the highest degree, and that they have been compelled to retain and pay an attorney to assert their legal rights, and pray for punitive damages in the amount of $5,000.00."

contrary to the law" of this state. They allege "criminal indifference to civil obligations" and pray for $5,000 punitive damages.

■ The order of June 22, 1964, striking the designated paragraphs of plaintiffs' complaint was properly entered. From *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 25 Pac. 1072 (1891), to the present day, this court has held that the doctrine of punitive damages is unsound in principle and that such damages cannot be recovered in this jurisdiction, absent statutory authorization.

June 11, 1964, defendant filed its motion for separate trials of the claim for relief brought by each plaintiff upon the grounds that separate trials "will expedite a determination of the issue in each claim and will better meet the ends of justice." The motion was filed pursuant to Rules of Pleading, Practice and Procedure 20(b) and 42(a) (Now Civil Rules for Superior Court 20(b) and 42(b), 71 Wn.2d lix, xciii (May 5, 1967)).

June 22, 1964, the court entered an order stating

that the said five causes of action be and hereby are severed.

It Is Further Ordered that as to the plaintiff Maki, the complaint on file herein may keep the same cause number and be considered as one of the five causes of action; that the other four causes of action should be separately filed and given separate numbers by the Clerk.

The record before us indicates that the only further action by plaintiffs Radke, Torgerson, Rice and Kiehn is the appeal to this court.

■ The right to order separate trials is a matter of discretion vested in the trial court by the rules. We find nothing in the record that shows an abuse of discretion; hence, the order of June 22, 1964, granting separate trials is affirmed. *Slippern v. Briggs*, 66 Wn.2d 1, 394 P.2d 229 (1964).

October 20, 1964, defendant filed its motion for summary judgment. The motion is carefully worded; it does not disclose against whom the summary judgment is sought. As the record is presented to us, we conclude that the motion

was sought against all *five* plaintiffs; for the summary judgment entered January 19, 1965, dismisses "plaintiffs complaint."

■ As to plaintiffs Radke, Torgerson, Rice and Kiehn, their complaint was the only instrument before the court when it considered defendant's motion for summary judgment. Defendant had not filed an answer to the complaint; no affidavits supported the motion for summary judgment; the only contracts before the court were the ones pleaded; the pleaded contracts did not set forth any conditions and were not identified as being either oral or written. We do not imply that Rule of Pleading, Practice and Procedure 56 requires an answer or affidavits before a motion for summary judgment can be filed; but in the posture in which we find the instant case, the motion is, at most, a motion to dismiss for failure to state a claim upon which relief can be granted. See Rule of Pleading, Practice and Procedure 12.

It would unduly extend this opinion to set forth the allegations of the four plaintiffs. It is sufficient to state that, in our judgment, the four plaintiffs set forth a claim sounding in fraud upon which relief could be granted upon trial of the issues, absent affirmative defenses. It was, therefore, error to dismiss the complaint upon motion for summary judgment.

The position of plaintiff Maki is slightly different. At the time it considered defendant's motion for summary judgment, the court had before it the Maki complaint, the answers to 92 written interrogatories propounded by defendant's counsel and answered by Mrs. Maki, and a copy of the written contract between Mr. and Mrs. Maki and defendant. The written contract contains a "merger" and an "authority" restriction clause.

Other than furnish a copy of the contract and admit that it was read before execution, the answers to the interrogatories do nothing more than expand the allegation of the complaint.

■■ As the court said in *Meissner v. Simpson Timber Co.*, 69 Wn.2d 949, 951, 421 P.2d 674 (1966), "it is the duty of the trial court to consider all evidence and all reasonable

inferences therefrom most favorable to the nonmoving party."

A summary judgment cannot be entered if there be a genuine issue as to any material fact. Fraud will vitiate the contract. See *Coson v. Roehl,* 63 Wn.2d 384, 387 P.2d 541 (1963).

Considering the record and giving all reasonable inferences most favorable to the nonmoving party, we cannot say that there is no genuine issue of material facts as this case now stands.

The summary judgment against plaintiff Maki and the other four plaintiffs is reversed, and the case is remanded for further proceedings. Costs will abide final determination.

It is so ordered.

FINLEY, C. J., HILL and ROSELLINI, JJ., and SHORETT, J. Pro Tem., concur.

---

March 1, 1968. Petition for rehearing denied.