[No. 295-41333-1.    Division One—Panel 1.    July 27, 1970.]

JAMES R. PROBERT, *Appellant,* V. AMERICAN GYPSUM DIVI-
SION OF THE SUSQUEHANNA CORP., *et al., Respondents.*

*Kafer, Gissberg & Wilson* and *Benjamin A. Luchini,* for
appellant.

*Bell, Ingram, Smith, Johnson & Level* and *Lewis A. Bell,*
for respondent.

FARRIS, J.—This action involves a claim for unpaid com-
missions which the plaintiff alleges are owed to him from
the American Gypsum Division of the Susquehanna Corpo-
ration. (A second action against the Rock Wool Division of
the Susquehanna Corporation and Marion Drew was con-
solidated for trial by stipulation of counsel but the causes
were ordered to be tried consecutively to the same jury
with the American Gypsum cause to be tried first by oral
order of the court on the morning of the trial, over the
objection of Probert, upon the motion of American Gyp-

sum. The court stated that the motion was granted to make it easier for the jury to identify and distinguish issues.)

After the jury was impaneled and sworn, the appellant made his opening statement in the American Gypsum action. At the close thereof, Gypsum caused publication of the depositions taken in the cause and moved on the basis of the opening statement, the pleadings and the depositions, for summary judgment of dismissal.

The trial court granted the motion and dismissed the action. Probert then moved for and secured a voluntary nonsuit and dismissal of the Rock Wool action. He appeals from the order of dismissal of his action against American Gypsum.

■ A motion challenging the sufficiency of the evidence admits the truth of the opponent's evidence. No discretion is involved. The court can grant the motion only when it can say as a matter of law that there is no substantial evidence to support the opponent's claim. *Hemmen v. Clark's Restaurant Enterprises*, 72 Wn.2d 690, 434 P.2d 729 (1967).

Probert did not make any direct sales of Gypsum in Washington. The only merchandise sold in Washington upon which a claim for commissions could be based was delivered to Herr Lumber Company. Probert alleges that he had the exclusive right to sell the defendant's product in his assigned territory (which included Washington) and that he need only show that sales were made in this territory in order to recover. He relies upon the following memorandum:

Position: Sales Agent—States of Washington, Oregon and Idaho.

Comm.: $25.00 per car for first five (5) cars sold. All cars over five $40.00 per car, i.e. $25.00 for each car up through five, sixth car, etc. $40.00.
This does not include cars shipped to Pay Pack Jack, Bellevue, Washington, or to the Gray Company in Tacoma, Washington.

Auto: Sales Agent to supply own car and all car expenses.

Expenses: No expenses to be charged to American Gypsum Company, *except* all phone calls will be charged to the Albuquerque office.

Starting: April 15, 1965.

■ There was no evidence that it was the intent of the parties to create an exclusive agency. The trial court correctly ruled that this was not an exclusive sales agreement. *Hammond v. Mau,* 69 Wash. 204, 124 P. 377 (1912). Probert made no sales *but* he may proceed to trial if the alleged facts which, if true, would establish that he was the efficient, procuring cause of the sales made through Herr Lumber Company. *Poggi v. Tool Research & Eng'r Corp.,* 75 Wn.2d 356, 451 P.2d 296 (1969).

Before ruling on the motion to dismiss, the trial court heard Probert's offer of proof and considered the several depositions taken in the cause. The record establishes that Herr did not buy gypsum from the defendant before Probert entered the territory.

Probert's deposition which was considered by the trial court contained the following testimony:

A . . . in the course of selling Rock Wool to the Herr Lumber Company, Mr. Bill Herr and his employees, we discussed American Gypsum, and I contacted the plant in Albuquerque, and this was just before Mr. Lofthus left as sales manager, and asked them to come up and sit down with the Herr Lumber Company and arrange a sales agreement. Mr. Lofthus came up; instead of contacting me or Herr Lumber Company, he went out and contacted some of the applicators in the area he knew previously, and returned, to my knowledge, back to Albuquerque without ever seeing Mr. Herr or the Herr Lumber Company.

I discussed this again with Mr. Herr, and this time I got hold of Mr. Stan Matthews, who currently was the plant manager of the Rock Wool plant in Pueblo, and secretary of American Gypsum Company; and he told me that there would be a change in the management at Albuquerque; that he would contact the new management, and get him up here to work with Mr. Herr.

Mr. MacDowell assumed management of the company

in Albuquerque, American Gypsum, and came up, and worked out a sales agreement with Mr. Herr.

At this time I mentioned to Mr. MacDowell that I had a contract with the corporation, and he said, "Don't worry about it", he would take care of me.

Although there is conflicting testimony in the record, this testimony of Probert is sufficient to get him past the challenge to the sufficiency of the evidence. The trier of fact must determine the weight to be given to the conflicting evidence.

The trial court understandably and correctly ruled against plaintiff's argument of exclusive agency but he is nevertheless entitled to proceed on the second theory since there is testimony in the record which, if believed by the jury, will support a finding that he was the efficient, procuring cause of the sales through Herr. The cause is remanded for a trial on this issue.

■ Probert assigns error to the action of the trial court in separating the causes of action. This procedure is authorized by CR 42(b) and will not be overturned in the absence of an abuse of discretion. *Slippern v. Briggs*, 66 Wn.2d 1, 394 P.2d 229 (1964).

Finally, Probert argues that the trial court erred in not permitting him to amend his complaint in his action against Rock Wool. That matter, having been dismissed upon Probert's motion for a voluntary nonsuit, is not before the court on appeal.

Reversed and remanded for further proceedings pursuant to this opinion.

JAMES, C. J., and SWANSON, J., concur.