[No. 41927.    Department One.    July 29, 1971.]

LAURA M. WELLING, *Respondent*, v. MOUNT SI BOWL, INC., *et al., Defendants,* PAUL HOFF *et al., Appellants.*

*N. R. Thomas* (of *Cushman, Thomas & Holt*), for appellants.

*R. Wayne Cyphers,* for respondent.

FINLEY, J.—In 1959, the Wellings, as sellers, entered into a real estate contract with Mount Si Bowl, Inc., as purchaser. Through intervening assignments of Mount Si's interests in the contract, L & L Enterprises, Inc., became assignee-purchaser under the real estate contract in 1961. In 1963, Hoff obtained a judgment against L & L Enterprises, Inc. Hoff apparently made no attempt to execute upon the judgment against L & L Enterprises, Inc., until November 22, 1968, upon which date he obtained a writ of execution commanding the Sheriff of King County to levy upon the personal and real property of L & L Enterprises, Inc.

The writ of execution was not delivered to the sheriff until January 22, 1969, and was not served by the sheriff until January 28, 1969, some 61 and 67 days respectively after its issuance. On March 7, 1969, the right, title and interest of L & L Enterprises, Inc., in the above-mentioned real estate was sold at public auction to Hoff. The sheriff filed his return on sale of real property on March 11, 1969, and an order confirming the sale was apparently entered on July 14, 1969.

Chronologically interspersed with the above-described events were additional occurrences involving the Wellings, sellers under the real estate contract. These latter events form the basis for the instant action. Stanley Welling expired, and his interest in the questioned property passed to his widow, Laura Welling, plaintiff-respondent in the instant action. In 1966, Laura Welling sent (1) notice of intention to declare forfeiture and cancellation of the real estate contract, and (2) notice of declaration of forfeiture and cancellation of said contract. These notices were sent to Mount Si Bowl, Inc. (the original purchaser under the real estate contract), to Lansing (assignee of Mount Si Bowl, Inc.), and to L & L Enterprises, Inc. (assignee of Lansing).

In October, 1968, Mrs. Welling commenced the instant action to quiet title to the real estate described by the contract. Named defendants to the action included all of the above-indicated parties to whom the notices of forfeiture had been sent and, additionally, all other persons or parties unknown claiming any right, title, estate, lien or interest in the disputed property. Thereafter, Kohlruss and Hoff, claiming an interest in the disputed land, were allowed to join the action to quiet title as additional defendants.

Kohlruss and Hoff prayed for dismissal of the quiet title action, for the right to levy and execute upon the judgment debtor's (L & L Enterprises, Inc.) interest in the contract, and the right to pay on the real estate contract.

Respondent Welling then moved for summary judgment against the additional defendants Kohlruss and Hoff, who resisted the motion on the ground that they had been given no notice of the intended declaration and later forfeiture of the real estate contract, and that they were entitled to receive such notice. The trial court granted summary judgment in favor of respondent Welling, dismissing additional defendants Kohlruss and Hoff from the action.

This ruling was appealed, presumably by *both* additional defendants, although we are constrained to observe that the instant record does not clearly indicate whether one or both defendants have prosecuted this appeal, nor does it contain any indication whatsoever of the relationship, if any, between Kohlruss and Hoff.

Nevertheless, the record is sufficient to support the trial court's ruling. Appellant Kohlruss' contention that he received no notice of respondent Welling's intended declaration and later forfeiture of the real estate contract is spurious and totally devoid of merit. The record clearly discloses that Kohlruss *signed for and received both notices* on behalf of defendant Mount Si Bowl, Inc.

Appellant Hoff's claim that he was entitled to receive such notices is based upon his contention that respondent Welling had *actual notice* of Hoff's 1963 judgment

against the real estate contract assignee-purchaser L & L Enterprises, Inc.[1] The sole support of this contention is an affidavit submitted *by Hoff's attorney* stating, in effect, that Hoff informed his attorney that he (Hoff) had told respondent Welling of his (Hoff's) judgment against L & L Enterprises. Respondent Welling, by rebuttal affidavit, denied actual notice of the Hoff judgment.

These contrary assertions would present a genuine issue of material fact requiring denial of respondent Welling's motion for summary judgment, but for the inadequacy of

---

[1] The instant record, although somewhat confused, contains some indication that, through an unexplained error, appellant Hoff's judgment against L & L Enterprises, Inc. (the real estate contract assignee-purchaser) did not appear upon issued title reports, and therefore, did not constitute *constructive notice* to the respondent, Welling. Nevertheless, as we have often stated, the burden is on the movant for summary judgment to demonstrate that there is no genuine dispute as to any material fact, and all reasonable inferences from the evidence must be resolved against him. *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963). However, even if we assume that respondent Welling did have *constructive notice* of appellant Hoff's judgment, we must conclude that such constructive notice did not suffice to require respondent Welling, as seller under the real estate contract, to notify appellant Hoff, as judgment creditor, of the pending forfeiture of L & L Enterprises' rights as purchaser under the real estate contract. *See Kendrick v. Davis,* 75 Wn.2d 456, 452 P.2d 222 (1969). In *Kendrick,* this court was presented with an analogous situation:

> Simply stated, we have in this case (1) a valid forfeitable real-estate contract properly recorded; (2) a purchaser in default; (3) a vendor declaring a forfeiture according to the contract terms; and (4) a mortgagee of the purchaser who is unknown to the vendor, but those security interest is properly recorded.

*Kendrick v. Davis, supra* at 462.

After considerable discussion, we concluded in *Kendrick* that the mortgagee of the real estate contract purchaser had the burden of protecting his position by notifying the contract seller:

> The mortgagee can fully protect his security interest by merely notifying the vendor that he has an interest in the purchaser's contract rights.

*Kendrick v. Davis, supra* at 463. We think the same reasoning applies in the instant case; *i.e.,* that the judgment creditor of a real estate contract purchaser must bear the burden of protecting his interest by notifying the contract vendor.

the affidavit submitted on behalf of appellant Hoff by his attorney. Civil Rule 56(e) provides, in part:

> Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissable in evidence,* and shall show affirmatively that the *affiant is competent to testify to the matters stated therein.*

(Italics ours.)

The allegations contained within the affidavit of appellant Hoff's attorney clearly constitute hearsay. As such, they are not facts which "would be admissable in evidence." Furthermore, the substance of the affidavit of Hoff's attorney is not within the testimonial knowledge of the affiant, consistent with Civil Rule 56(e). Thus, the trial court was correct in refusing to consider them in its determination. *See Meadows v. Grant's Auto Brokers, Inc.,* 71 Wn.2d 874, 431 P.2d 216 (1967). In *Meadows,* we stated at page 880:

> We have held, as do many courts, that an attorney's verification of pleadings in such a proceeding when based upon hearsay or upon information and belief is insufficient to render such pleadings available for consideration under RPPP 56(e). [Citations omitted.] The same approach is, and should be, applied to an attorney's affidavit based upon information short of testimonial knowledge. 6 J. Moore, Federal Practice ¶ 56.22(1), at 2810 (2d ed. 1966); 3 W. Barron & A. Holtzoff, Federal Practice & Procedure § 1237, at 166, 167 (1958).

The hearsay affidavit of appellant Hoff's attorney was insufficient to rebut respondent Welling's assertion that she had no actual notice of Hoff's judgment against L & L Enterprises. Thus, absent such actual notice on the part of Welling-contract vendor, it follows that appellant Hoff was not entitled to notice of the intended declaration or of the later forfeiture of the real estate contract, and the trial court was correct in determining that no genuine issue of material fact existed between the parties. In short, the trial court was correct in granting summary judgment dismissing additional defendants Kohlruss and Hoff.

It follows that the trial court's order quieting title of the disputed property in favor of respondent Welling was also correct. We have held that a vendee's interest under a contract for the sale of real estate is subject to attachment at the suit of a creditor of the vendee *only where* such vendee's interest has not been forfeited or abandoned prior to the levy. *Eckley v. Bonded Adjustment Co.*, 30 Wn.2d 96, 190 P.2d 718, 1 A.L.R.2d 717 (1948). In the instant case, the rights of the contract vendee, L & L Enterprises, had been forfeited more than 2 years prior to appellant Hoff's attempted levy against those rights.

The judgment of the trial court is affirmed.

HAMILTON, C.J., HUNTER, NEILL, and STAFFORD, JJ., concur.