[No. 42056. En Banc. August 17, 1972.]

MARY JANE BARBER, *Appellant*, v. BANKERS LIFE AND CASUALTY COMPANY, *Respondent*.

*Schroeter, Jackson, Goldmark & Bender,* by *John Goldmark,* for appellant.

*John F. Kruger* and *Douglas F. Graham* (of *Karr, Tuttle, Koch, Campbell, Mawer & Morrow*), for respondent.

WRIGHT, J.—This is an action to recover on an accidental death insurance policy issued to appellant's husband, or, in the alternative, to recover damages for alleged delay in issuance of the policy.

Desirous of obtaining accidental death coverage, Harrison

L. Barber and his wife Mary Jane Barber responded to an advertisement published in a national magazine by Bankers Life and Casualty Company.

Subsequently, the insurer's agent visited the Barbers at their home on the evening of October 16, 1968 and insurance applications for both the Barbers were completed. Certain questions were asked of the Barbers and their responses were recorded on the printed application forms in the handwriting of the agent.

Question 14 of Mr. Barber's application reads as follows:

Do you understand and agree that the Policy hereby applied for will not take effect until it is issued by the Company and duly executed by the President and Secretary of the Company and that the Company is not bound by any knowledge of, or statements made by, or to any agent, unless set forth herein?

The answer to this question on Mr. Barber's application, recorded in the agent's handwriting, is "yes". Mr. Barber then signed his application, which contained a statement that the applicant had read the application.

The agent certified that he asked the applicant all the questions contained in the application and all the information supplied by the applicant was truly and accurately recorded.

During the interview, Mr. Barber gave a check for $108 to the agent to cover the initial premiums on both policies. The premium on Mr. Barber's policy was $64.91 and on Mrs. Barber's policy it was $55.09, a total of $120. An underwriting fee of $6 on each policy was forgotten by the agent, which explains the difference between the figures. Mr. Barber received only one document in the transaction, a receipt for $108. The receipt was as follows:

Received from H. L. Barber (applicant) an application for a policy of insurance, and $108.00 (the initial premium exceeds subsequent premiums by $............) to pay premiums on the policy for 12 months from its date of issue. In the event the application is declined, the above amount will be refunded. No other obligation is incurred by the company unless said application is approved by the

company at its Home Office 'and a policy is issued and 'executed by its President and Secretary.

Date 10/16/68 s/ John Dumett 55981

Representative number

The next day, October 17, Mr. Barber was killed in an airplane crash.

The application of Mr. Barber was received at the home office of Bankers Life and Casualty Company on October 28. From October 28 to November 21, the insurer was engaged in underwriting procedures. The insurer learned of the death of Mr. Barber on November 21 and the company declined to issue the policy on November 22, 1968.

Mrs. Barber brought this action. This appeal is taken from the order granting a summary judgment dismissing Mrs. Barber's complaint with prejudice.

The issue on appeal is whether the trial court erred in granting the defendant's motion for summary judgment and thereby finding that no genuine issue existed as to any material fact.

Pursuant to CR 56(c), a summary judgment is only available where, ". . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."

The burden is on the movant for summary judgment to demonstrate that there is no genuine dispute as to any material fact and all reasonable inferences from the evidence must be resolved against him. *Welling v. Mount Si Bowl, Inc.,* 79 Wn.2d 485, 487 P.2d 620 (1971). And, where a motion is made for summary judgment, it is the duty of the trial court to consider all evidence and all reasonable inferences therefrom in a light most favorable to the nonmovant. *Maki v. Aluminum Bldg. Prods.,* 73 Wn.2d 23, 436 P.2d 186 (1968). The motion should be granted only if, from this evidence, reasonable men could reach but one conclusion. CR 56(c); *Meissner v. Simpson Timber Co.,* 69 Wn.2d 949, 421 P.2d 674 (1966). Only if the pleadings, depositions, admissions, and affidavits considered

by the trial court do not create a genuine issue of material fact between the plaintiff and the defendant moving for summary judgment, is the latter entitled to judgment as a matter of law. *Ferrin v. Donnellefeld*, 74 Wn.2d 283, 444 P.2d 701 (1968).

In the instant case, the deposition of Mrs. Barber stated that the agent of the insurer knew that the decedent flew airplanes frequently in connection with his business and that he was interested in acquiring immediate accidental death insurance coverage. Further, it is the contention of the plaintiff (Mrs. Barber) that the decedent expressed special interest in immediate coverage under an accidental death policy and that the insurance agent told him that the policy would become immediately effective upon payment of the initial premium. The trial court noted that Mrs. Barber would testify that the decedent did not read the application and that neither she nor the decedent read question 14 which is quoted above. It was also indicated that Mrs. Barber would testify that the agent did not read question 14 to her or her husband.

On the other hand, the agent denied that he had told the plaintiff and her husband that the insurance policy would become effective immediately upon the receipt of the application and premium by him. Moreover, the agent testified that he had read all the questions of the application to the applicant, including question 14, and had truly and accurately recorded the applicant's answers. Defendant contends the above alleged facts are immaterial in view of the doctrine of an absolute duty to read what one signs. *Perry v. Continental Ins. Co.*, 178 Wash. 24, 33 P.2d 661 (1934); *Timm v. Hart*, 59 Wn.2d 538, 368 P.2d 715 (1962); *Hein v. Family Life Ins. Co.*, 60 Wn.2d 91, 376 P.2d 152 (1962).

In the instant case, the insurance company entrusted its salesman with application forms, the title of agent, instructed him to fill out the forms himself, and authorized him to collect the full premium at the time of a sale.

Plaintiff maintains her action centers around facts show-

ing a contract was created by apparent authority of the agent or estoppel because of the agent's alleged conduct.

For purposes of a summary judgment procedure, a reviewing court is required, as was the trial court, to review material submitted for and against a motion for summary judgment in the light most favorable to the party against whom the motion is made. *Robert Wise Plumbing & Heating, Inc. v. Alpine Dev. Co.*, 72 Wn.2d 172, 432 P.2d 547 (1967).

 The object and function of summary judgment procedure is to avoid a useless trial. A trial is not useless, but is absolutely necessary where there is a genuine issue as to any material fact. CR 56; *Balise v. Underwood*, 62 Wn.2d 195, 381 P.2d 966 (1963).

A "material fact" is a fact upon which the outcome of the litigation depends, in whole or in part. CR 56; *Balise v. Underwood, supra; Zedrick v. Kosenski*, 62 Wn.2d 50, 380 P.2d 870 (1963).

 In the instant case, the application form was filled out by the agent and then placed before the applicant to sign. It was then taken by the agent. The application never again came into the possession of the applicant to provide him with time to read all the challenged portions. It is on this later possession with time and opportunity to read the document that this court bases its holdings that the applicant is responsible for knowing what is in the application. On this point, the present case is distinguishable. *Perry v. Continental Ins. Co., supra; Hein v. Family Life Ins. Co., supra.*

The plaintiff testified that the agent told her husband after he had signed the insurance application there was immediate coverage under the policy. On the other hand, the agent denies this statement and any conduct which would give the appearance that the applicant was insured as of the moment he signed the application and tendered his premium payment.

This disputed fact, as well as other facts surrounding the transaction, is material since such facts could support the

plaintiff's theory of recovery and thereby change the outcome of the litigation. Accordingly, the trial court erred in granting the defendant insurer's motion for summary judgment.

With regard to the alternative theory of the appellant that there was a delay in issuance of the policy, it is true that the respondent insurer took over a month in processing the application. However, this fact is immaterial in view of the death of Mr. Barber the day after the insurance application was completed.

This case is accordingly reversed and remanded.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, and HALE, JJ., concur.

NEILL, J. (dissenting)—I dissent. The receipt given to Mr. Barber is express and crystal clear to the effect that no insurance would go into effect until the application was approved and policy issued at the home office. Absent deceit, fraud or overreaching by the insurer, I would hold the applicant bound to have known the words that were before his eyes and in his possession. Assuming the truth of the facts alleged by plaintiff, they do not depict a situation of deceit, fraud or overreaching, in view of the notice given the applicant by delivery of the receipt. Delivery of the receipt distinguishes this case from *Fanning v. Guardian Life Ins. Co. of America*, 59 Wn.2d 101, 104, 366 P.2d 207 (1961), wherein nondelivery of a "conditional binding receipt" was held to give no notice of its contents. The majority ignores the impact of the fact that, here, the receipt was delivered and thus gave notice. The alleged "apparent authority," even if found to have initially existed, could not have survived this notice of the agent's limitations. *Fanning v. Guardian Life Ins. Co. of America, supra* at 104-05. This case is therefore within the rule precluding an agent's authority to impose immediate coverage where the application (and, here, the receipt) provides that there is to be no insurance until home office acceptance. *Basinsky v. National Cas. Co.*, 122 Wash. 1, 209 P. 1077 (1922).

146

Plaintiff's factual allegations, if true, would not avoid the law in defendant's favor. Thus, there is no material issue of fact. I would affirm the trial court.

STAFFORD, J., concurs with NEILL, J.

Petition for rehearing denied October 26, 1972.