[Nos. 3513–1–III; 3514–0–III. Division Three. October 30, 1980.]

HERBERT H. FREISE, *Respondent,* v. WILLIAM T. WALKER, ET AL, *Appellants.*

*John Biggs* and *Jones & Biggs,* for appellant.

*Herbert Freise* and *Freise, Lohrmann & Makus,* for respondent.

Roe, J.—In October 1978, Mrs. Ethel Jones, a 76-year-old widow, sold her property consisting of 8.8 acres to William and Patricia Walker for $800, reserving to herself a life estate. When her daughters learned of the sale, they instituted guardianship proceedings. After notice to Mrs. Jones and a hearing at which she was not present, the court appointed attorney Herbert Freise as guardian both of the person and estate of Mrs. Jones.

Shortly thereafter Freise instituted an action to rescind the sale to the Walkers and quiet title in him as guardian. The Walkers claimed the guardianship proceeding was void and that Freise had no authority to bring the action against them. They moved to dismiss the action pursuant to CR

12(b)(6). The court considered the motion as one for summary judgment since both parties submitted affidavits, and then denied the motion. During the trial, the Walkers moved to quash the order authorizing Freise to sue. This motion was also denied. After trial, the court quieted title in Freise as guardian of the person and estate of Ethel Jones and ordered him to repay the $800 plus interest to the Walkers.

■ Superior courts of this state have the power to appoint guardians to protect the estates and persons of individuals who are disabled by some form of mental incapacity, including senility. RCW 11.88.010. The statute provides safeguards to protect the incompetent, requiring there be notice and hearings at which the incompetent is to be present before there can be an appointment of a guardian.[1] In addition, the statute requires a guardian ad litem be appointed to explain the proceedings to the disabled person, to discover the alleged incompetent's approval or disapproval of the guardianship petition, and to evaluate the appropriateness of the guardian whose appointment is sought. RCW 11.88.090. Here, Mrs. Jones was not present at the hearing at which Freise was appointed her guardian. The Walkers contend that the appointment is thus void and rely on *In re Bouchat,* 11 Wn. App. 369, 522 P.2d 1168 (1974). In *Bouchat* the trial court appointed the business manager of a home for senior citizens as guardian of the person and estate of Bouchat, who was not given any notice of the hearing on the petition. The appellate court found the proceeding void as the trial court had no jurisdiction over Bouchat. The situation here is different. Mrs. Jones did receive notice of the guardianship hearing, as did the hospital where she was then residing. Merely because she did not attend the hearing does not defeat the court's

---

[1]RCW 11.88.040 requires the incompetent to be present at the final hearing on the petition, unless presence is waived at the discretion of the trial court for good cause.

jurisdiction over her. The court's jurisdiction was based on the notice she received.

 The Walkers next argue the appointment of a guardian ad litem is jurisdictional and that the trial court's failure to appoint a guardian ad litem renders the appointment of the guardian void. Mrs. Jones was not represented by a guardian ad litem as required by the statute. However, the trial court heard testimony from two of her daughters, a psychiatrist, and Mr. Freise, all of whom testified as to her incompetence. Freise also testified he had seen Mrs. Jones and asked her if she agreed to his appointment as her guardian. He reported she did not object, but stated she did not want one of her daughters to have control over her property. After hearing this testimony, the court waived Mrs. Jones' presence at the hearing and appointed Freise the guardian. Failure to appoint a guardian ad litem does not void the appointment, but merely makes it voidable at the incompetent's option. *See Newell v. Ayers,* 23 Wn. App. 767, 598 P.2d 3 (1979). In *Newell,* minors were recipients of gifts made by their grandfather in derogation of a mutual will. The heirs under the will sought to probate it. The trial court allowed probate and entered judgment against the minor children, although there had been no guardian ad litem appointed to protect their interests. This court held whether the judgment entered without representation by a guardian ad litem could be avoided depended upon whether the minors' interests had been protected to the same extent as a guardian ad litem would have done. The children's interests were protected because the children's parent, whose interest was identical to theirs, was also a party to the action. Thus, the court found a failure to appoint a guardian ad litem a technical error which should not affect the results of the trial.

The situation here is not as clear. There was no other party at the guardianship hearing whose interests were identical to those of Mrs. Jones. However, it is not necessary to decide if Mrs. Jones could attack Freise's appointment as guardian.

The Walkers were not parties to the guardianship proceeding, and thus they cannot directly challenge Freise's appointment as guardian. They argue, however, that because their interests were harmed by the appointment, they have standing to attack it.

An order which is not absolutely void, but merely erroneous, is not subject to collateral attack. *Bresolin v. Morris,* 86 Wn.2d 241, 543 P.2d 325 (1975). In order to declare a judgment void, an appellate court must find that the trial court lacked jurisdiction over the subject matter or the parties, or lacked the inherent power to make the order. *Dike v. Dike,* 75 Wn.2d 1, 448 P.2d 490 (1968). Here, the court had subject matter jurisdiction, personal jurisdiction, and the inherent power and duty to appoint a guardian to protect Mrs. Jones' estate. Thus, the order appointing Freise as guardian was not void. The Walkers, therefore, may not collaterally attack the appointment.

At trial, the Walkers moved to dismiss Freise's complaint under CR 12(b)(6) for failure to state a claim upon which relief could be granted. The trial court considered the affidavits filed by both the appellants and the guardian and considered the motion as one for summary judgment. *See* CR 12(b). On the basis of these affidavits, the trial court found a genuine issue of fact concerning Mrs. Jones' competence at the time of the conveyance of the property to the Walkers. A summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Maki v. Aluminum Bldg. Prods.,* 73 Wn.2d 23, 436 P.2d 186 (1968); *Black v. Western Life Ins. Co.,* 1 Wn. App. 927, 464 P.2d 949 (1970); CR 56(c). Here, there were issues of Mrs. Jones' competence and the alleged fraudulent acts of the Walkers. The trial court acted properly in denying the motion for summary judgment.

Although the trial court did not follow the statutory procedure set forth to appoint a guardian of the person and estate of an incompetent, the appellants in this case are not

554

the proper parties to challenge the action. We therefore affirm the decision of the trial court.

GREEN, C.J., and MUNSON, J., concur.