# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ADRIA MCGHEE, an individual, | ) | No. 79316-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CITY OF FEDERAL WAY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: November 12, 2019 |
| | ) | |

MANN, A.C.J. — Adria McGhee appeals the trial court's order granting summary judgment to the City of Federal Way (City). McGhee contends the trial court erred because the City's motion relied on inadmissible evidence and therefore the motion failed to negate McGhee's claim that the City created the unsafe condition and her res ipsa loquitor theory. We affirm.

I.

On November 12, 2016, around 10 a.m., McGhee was driving with her two children on SW 21st Street, just south of SW 330th Street in Federal Way. While she was driving, a tree branch fell on the front windshield of her car. Witnesses at the scene removed the branch from McGhee's front windshield and moved it to the sidewalk. The

branch cracked McGhee's windshield and dented the roof of her car. The King County Fire Department responded and checked on the occupants of the car. McGhee reported no injuries to her or her children. The Federal Way Police responded, took pictures, and prepared a report. The police reported the downed branch to the City for removal.

Gary Neiffer, a City maintenance worker, responded to the scene around 12:30 p.m. and disposed of the limb blocking the sidewalk. While at the scene, Neiffer investigated the tree trunk to see if any other limbs were in danger of falling and noted that the tree appeared healthy.

When the police notified the City that a tree limb fell, a Citizen Action Request (CAR) was created in the City's database. The CAR was referred to Gene Greenfield, the streets maintenance supervisor. Greenfield explained that "[i]f the CAR concerns an issue in the City's right-of-way, then it is forwarded to me for review." In response to the CAR, Greenfield "walked the site to see if there was any concern of other limbs falling down" and "did not see anything of concern and did not recall other CARs regarding trees in [the] vicinity. The tree from which the limb fell is set back about ten or more feet behind the edge of the sidewalk."

After locating the tree, Greenfield verified that the width of the City's right-of-way is 40 feet from the center to the west edge. Greenfield spoke to Kathy Mathena, an engineering technician with the City, to verify the length of the right-of-way. Greenfield returned to the site and "located the center of the right-of-way through monuments, and paced the distance from the center of the right-of-way to the edge of the right-of-way to verify the tree is not within the City's right-of-way."

-2-

On December 30, 2016, McGhee filed a claim for damages with the City. On January 30, 2018, McGhee filed a complaint for damages against the City in King County Superior Court. The City moved for summary judgment, contending that McGhee could not show that the City created the dangerous condition because the tree is not located on its property and could not show that the City had constructive notice of the dangerous condition. McGhee responded that the City's evidence violated CR 56(e) and therefore it failed to establish that the City had no duty to maintain the tree in a safe condition and that the City's motion did not negate McGhee's constructive notice or res ipsa loquitor theories of negligence. The trial court granted summary judgment in favor of the City and dismissed McGhee's claims.

II.

We review summary judgment orders de novo. "In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact." Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the defendant is the moving party and makes their initial showing, then the inquiry shifts to the party with the burden of proof at trial to make a showing sufficient to establish the existence of an element essential to that party's case. Young, 112 Wn.2d at 225. If the party with the burden of proof at trial fails to make that showing, then the trial court should grant summary judgment. Young, 112 Wn.2d at 225.

To survive a motion for summary judgment, a party must respond to the motion with more than conclusory allegations, speculative statements, or argumentative assertions of the existence of unresolved factual issues. Ruffer v. St. Cabrini Hospital, 56 Wn. App. 625, 628, 784 P.2d 1288 (1990). "[A] complete failure of proof concerning

an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Thus, summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). "A 'material fact' is a fact upon which the outcome of the litigation depends, in whole or in part." Barber v. Banker's Life & Cas. Co., 81 Wn.2d 140, 144, 500 P.2d 88 (1972). In making the required showing, "the nonmoving party cannot rely on the allegations made in its pleadings." Young, 112 Wn.2d at 225. All reasonable inferences from the evidence are considered in the light most favorable to the plaintiff. Young, 112 Wn.2d at 226.

To establish negligence, the plaintiff must prove four elements: "(1) the existence of a duty to the person alleging negligence, (2) breach of that duty, (3) resulting injury, and (4) proximate cause between the breach and the injury." Nguyen v. City of Seattle, 179 Wn. App. 155, 164, 317 P.3d 518 (2014).

A.

It is also well settled that "[a] government entity has a duty to maintain its roads so that they are reasonably safe for ordinary travel." Nguyen, 79 Wn. App. at 164. McGhee argues that the City failed to submit admissible evidence that the tree was not part of its public right-of-way.

Under CR 56(e), affidavits must be based on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Here, the City presented evidence

that the tree was not within its right-of-way.[1] Rather than rebut the City's evidence, McGhee contends that the City's evidence failed to satisfy CR 56(e) and was therefore insufficient to show that the tree was not the City's responsibility.

McGhee contends that Greenfield's declaration did not recite a sufficient foundation to show that Greenfield identified the correct tree, that his "'pacing' of the distance [was], at best, a rough estimate", and therefore the City did not provide admissible evidence on summary judgment to show that the tree was not in the City's right-of-way. We disagree.

Greenfield is the City's streets maintenance supervisor and has held the position for five years. As streets maintenance supervisor, Greenfield reviews the condition of trees when the City receives a CAR about potentially dangerous trees. After receiving a CAR about the tree limb blocking the sidewalk, Greenfield "walked the site to see if there was any concern of other limbs falling down." Greenfield "did not see anything of concern and did not recall other CARs regarding trees in this vicinity. The tree from which the limb fell is set back about ten feet or more behind the edge of the sidewalk." Later, Greenfield verified with Mathena that the width of the right-of-way is 40 feet from the center of the street to the west edge point. Mathena submitted a declaration explaining her personal knowledge about the City's right-of-ways and that she consulted the publically available plats through the King County Department of Assessments. Greenfield "returned to the site, located the center of the right-of-way through

_____

[1] This is not a case where the City was notified that a branch had fallen onto the road, and neglected to expeditiously remove the branch, causing damage to a vehicle.

monuments, and paced the distance from the center of the right-of-way to the edge of the right-of-way" and verified that the tree was not within the City's right-of-way.

Greenfield's affidavit is based on personal knowledge. Greenfield indicates that he inspected the site to see if there was other concerning trees. During Greenfield's initial inspection, he identified the tree with the broken limb. Greenfield returned to the site and measured the distance between the right-of-way and the tree. McGhee disputes the method that Greenfield used to measure the distance between the tree and the center of the right-of-way as a rough estimate at best. While Greenfield's pacing may result in a rough estimate of distance, this evidence is still admissible. It was then McGhee's burden to present evidence that the tree was in City's the right-of-way. McGee failed to meet this burden and thus failed to establish the City's duty.

B.

McGhee next contends that the City failed to negate the presumption of negligence under the res ipsa loquitor doctrine. A plaintiff may rely on the res ipsa loquitor permissive inference of negligence if "(1) the accident or occurrence that caused the plaintiff's injury would not ordinarily happen in the absence of negligence, (2) the agency or instrumentality that caused the plaintiff's injury was in the exclusive control of the defendant, and (3) the plaintiff did not contribute to the accident or occurrence." Nguyen, 179 Wn. App. at 172. Because McGhee failed to carry her burden to present evidence that the tree was located on the City's right-of-way, and thus under the City's control, McGhee's res ipsa loquitor argument necessarily fails.

We affirm.

_____ Mann, ACJ

WE CONCUR:

_____

_____