[No. 14820. In Bank. — April 26, 1892.]

GEORGE H. MASTICK, Petitioner, v. THE SU-
PERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent.

Will — Appointment of Custodian — Subsequent Incompetency of
Maker — Guardian. — A person competent to make a will has a right
to select the custodian, and to cause it to remain in his hands until
called for, or until death makes it necessary for the custodian to deliver
it to the court, or to a person named in the will; and the subsequent
incompetency of the maker of the will does not entitle the guardian to
the possession of the instrument.

Id. — Construction of Code — "Instrument in Writing" — Assets of
Ward's Estate — Will of Ward. — Section 1800 of the Code of Civil
Procedure should be read in connection with sections 1459 and 1460 of
the same code, and the phrase "instrument in writing," as used in sec-
tion 1800 of such code, must be construed as referring to instruments to
the possession of which the guardian is entitled as an asset or as evidence
of his ward's title to property, and does not apply to the last will and tes-
tament of the ward.

Id. — Trust — Revocation — Delivery of Will to Messenger at Tes-
tator's Request — Return of Will — Continuance of Original
Trust. — Where a person competent to make a will delivered it to
another as the custodian thereof, with special directions to retain the
same until her death, unless she called for it, and upon her death to
deliver it to her executor, the custodian so selected is charged with the
execution of the trust, which trust can only be revoked by the testator;
and the fact that the custodian afterwards delivered the will to a mes-
senger at the request of the testator, and that subsequently the same
messenger delivered to such custodian a sealed package indorsed thereon
as containing the testator's will, does not extinguish the trust.

Id. — Certiorari — Excess of Jurisdiction — Failure to Object to
Jurisdiction. — The failure of counsel to question the jurisdiction of the
trial court in a proceeding before it, even if unfair to the court, does not
deprive him of questioning its jurisdiction upon a writ of certiorari, and
of his right to have the order made by the trial court annulled, if it
was in fact made in excess of jurisdiction.

Id. — Finding — Conclusion of Law. — Upon a hearing in the trial court
upon an order to show cause why the custodian of the will should not
deliver it to the testator's guardian, a finding by the court that the
sealed package supposed to contain the will belonged to the testator, and
belongs to her estate, and that the guardian is entitled to its possession,
is a conclusion of law from the facts found by the court, and is not con-
clusive upon certiorari as against the right of the custodian of the will
to its possession, where the findings show that the package was tendered
to the court for examination of its contents, and the custodian offered to
deliver possession of anything contained therein except the will.

APPLICATION for a writ of *certiorari* to the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Mastick, Belcher & Mastick,* for Petitioner.

*T. C. Coogan,* for Respondent.

PATERSON, J. — The petitioner drew a will for Mrs. Langdon, which she executed and left in his possession, with directions to retain the same, unless otherwise directed, and at her death to deliver it to the person named as executor therein. Some time afterwards, — the exact time does not appear, — Mrs. Langdon sent a messenger to petitioner, requesting him to deliver the package to the former. This request was complied with, and subsequently the same messenger, at the request of Mrs. Langdon, delivered to petitioner a sealed package, indorsed on the envelope, " Mrs. Langdon's will." This package was placed in the petitioner's safe, and the possession thereof has ever since been retained by him. It does not appear who made the indorsement on the envelope, nor does any one know the contents of the package. Some time after it was returned to the petitioner, Mrs. Langdon became incompetent to manage her affairs, and after due proceedings had, R. M. Fitzgerald was, on December 17, 1890, appointed guardian of her person and estate. Thereafter said guardian demanded of the petitioner the delivery of all property and instruments in his hands belonging to the estate of Mrs. Langdon. The petitioner refused to comply with this demand, whereupon Mr. Fitzgerald applied to the superior court for an order directing petitioner to show cause why he should not deliver up the instrument. After a hearing, the court decided that the guardian was entitled to the possession of the package. The petitioner appeared in court and offered to allow the court to open the package, and if anything was found therein except Mrs. Langdon's will, to surrender the same to the guardian, but

declined to deliver any document purporting to be the last will and testament of Mrs. Langdon. The court thereupon found that the package belonged to the estate of Mrs. Langdon; that the petitioner had the ability to surrender the possession of the same, but had refused to do so; and that the guardian was entitled to the order prayed for. An order was entered accordingly, and thereafter an application was made to this court for a writ of *certiorari*. A return to the writ has been filed, in which is set forth the affidavit of the guardian upon which the order of the court below was made, the citation, the answer made by the petitioner, the findings and order of the court, and also a bill of exceptions setting forth briefly the testimony taken at the hearing.

Counsel for the respondent claim that the order was a proper one, under section 1800 of the Code of Civil Procedure.

We think that this section should be read in connection with sections 1459 and 1460 of the Code of Civil Procedure, and that the phrase "instrument in writing," as used in section 1800, must be construed as referring to instruments to the possession of which the guardian is entitled as an asset or as evidence of his ward's title to property. The last will and testament of the ward is not an asset. Neither is it an instrument which the guardian could use in the recovery of an asset. It cannot in any way relate to any matter within his power or duties, or in any manner affect his action as a guardian, because it cannot take effect until after his authority has ceased. He certainly cannot annul, revoke, destroy, or in any way dispose of it, nor can the court authorize him to do so, and we are unable to see upon what ground he is entitled to its possession, or to a knowledge of its contents. If it were in his hands, of course it would be his duty to preserve it; but here it appears that the maker of the will, before she became incompetent, selected the petitioner as the custodian thereof, with special directions to retain the same until her death, unless she called for it, and upon her death

to deliver it to her executor. The petitioner is charged with the execution of this trust. It is a trust which could be revoked only by Mrs. Langdon herself. The petitioner could not lawfully deliver it to any third person, and it would be a gross breach of trust in him voluntarily to disclose the contents to any one. (Story on Bailments, sec. 92; Civ. Code, sec. 1835.) The guardian occupies the same position that a third person would. A person competent to make a will has a right to select the custodian, and to cause it to remain in his hands until called for, or until death makes it necessary for the custodian to deliver it to the court, or to a person named in the will. To hold that the subsequent incompetency of the maker of the will entitles the guardian to the possession of the instrument would defeat the evident purpose of the maker.

It is claimed by counsel for respondent that if there was any trust it was extinguished when petitioner delivered the package to the messenger, and that it was only the second package with which the court dealt. We think the facts stated in the findings show that the will was called for, not with the intent of terminating the trust, but only for a temporary purpose, and that the subsequent delivery by Mrs. Langdon, without further instruction, and under circumstances showing no intention to revoke or modify her directions, left the package in the possession of the petitioner upon the terms of the original trust.

Counsel for respondent contends that we ought to deny this writ because the petitioner appeared in person in the court below, answered, offered testimony, submitted the case, and never in any way suggested that he questioned the jurisdiction of the court, — "in fact, never did question it by plea or otherwise." We do not know what was said in the argument in the court below. Of course, in fairness to the court, counsel for the petitioner ought to have called its attention fully to the points now made; but the failure to do so does not deprive him of his right to have the order annulled, if it was in fact

made in excess of jurisdiction. Furthermore, he was bound to submit himself to examination; and in his answer, and after the decision of the court, he insisted upon his right to retain the will, and denied the power of the court to compel him to surrender it.

The court found that " said sealed package belonged to said Nora Langdon, and belongs to the estate of said Nora Langdon, and said guardian is entitled to the possession of the same." It is claimed by counsel for respondent that this finding is conclusive. Assuming that the facts found, and not the issues and order, are the tests of jurisdiction, and are decisive of the question whether *certiorari* will lie, the point made is not well taken. The finding quoted is the conclusion of law which the court drew from the facts found. No one knows what is in the package; but it must be treated as containing only the will of Mrs. Langdon. The findings show that the petitioner tendered the package to the court for examination of its contents, and offered to deliver the possession of anything contained therein except the will. If we are right in the views we have expressed on the main question, this is all the petitioner can be required to do.

We think that the learned judge of the court below erred in his conclusion, and that the order is void for want of jurisdiction.

The order under review is annulled.

HARRISON, J., DE HAVEN, J., GAROUTTE, J., McFARLAND, J., and SHARPSTEIN, J., concurred.