BARNETTE, Judge.
This proceeding was instituted by plaintiffs-appellees, The Hibernia National Bank in New Orleans and Mrs. Cecile Airey Dinkins, Curators of the interdict, Mrs. Marguerite Sampson Airey, for the *54 purpose of obtaining from defendant-appellant, Kenneth E. Pickering, a document alleged to be the last will and testament of one Mrs. Marguerite Sampson Airey. The facts giving rise to this proceeding are, to say the least, unusual and therefore we feel it necessary to explain the background of this matter in some detail.
On August 2, 1969, Mrs. Marguerite Sampson Airey confected an olographic will in the presence of defendant-appellant, Kenneth E. Pickering. In this document Mrs. Airey appointed Mr. Pickering the attorney for her succession and, upon completion of the document, allegedly entrusted it to his care as depositary with instructions to keep it in a safe place until her death and not to let anyone gain possession of it.
Some three months later, on October 31, 1969, interdiction proceedings were begun against Mrs. Airey by her two children, Mrs. Cecile Airey Dinkins and Mr. Joseph Airey, Jr. After a hearing on the matter, Mrs. Airey was found incapable of managing her affairs and caring for her person and, on March 16, 1970, was adjudged an interdict. The plaintiffs-appellants in the instant proceeding were appointed as Mrs. Airey’s curators. The Hibernia National Bank of New Orleans was appointed curator of the property of the interdict and Mrs. Cecile Airey Dinkens was appointed curatrix of the person of the interdict. It is in their official positions as curators of the interdict that plaintiffs instituted this present proceeding.
In conjunction with the original pleading for possession of the will, defendant propounded certain interrogatories to plaintiffs. Plaintiffs in turn filed a “rule to strike” these interrogatories on the grounds of irrelevancy and immateriality. Defendant excepted to plaintiffs’ “rule to strike” alleging no right of action and improper procedure. All three of these matters were heard on the same day. The trial court rendered judgment in favor of plaintiffs and against defendant ordering:
“ * * * that Kenneth E. Pickering turn over to The Hibernia National Bank in New Orleans, as Curator of the property of the interdict, Mrs. Joseph A. Airey, the olographic will dated August 2, 1969, and any other will or codicil or other papers belonging to the interdict or to which she is a party and any other property of the interdict that may be in said defendant’s possession; the said will to be turned over to Civil District Court who will turn over said will to The Hibernia National Bank in New Orleans, as Curator of the property of the interdict, Mrs. Joseph A. Airey, and said will to be placed in a Safety Deposit Box and said key to said box to be retained by The Hibernia National Bank in New Orleans, as Curator of the property of the interdict, Mrs. Joseph A. Airey; and said box not to be opened except under order of this Court.”
The court further ordered defendant’s interrogatories stricken from the record and overruled defendant’s exceptions of no right of action and improper procedure. From these adverse judgments defendant prosecutes the instant appeal.
Defendant argues that the trial court erred in ordering him to surrender the will to the court from there to be delivered to the plaintiff Bank. It is defendant’s contention that Mrs. Airey had a right to select a depositary with whom to leave her will for safekeeping. Further it is argued that since Mrs. Airey had made such a decision, the court must examine the motives of the curator in seeking to obtain the will. Defendant urges that the curator can have no possible need for the will as it is of no present value and is not an asset of Mrs. Airey’s estate and therefore the curator is not entitled to its possession.
Plaintiffs, on the other hand, contend that the curators stand in the shoes of the interdict and are empowered to exercise all rights which accrue to their ward, Mrs. Airey. Plaintiffs argue that Mrs. Airey had a right to revoke the deposit at any *55 time and therefore after she was adjudged legally incapacitated to act on her own behalf, the curator is the only person capable of revoking a deposit and receiving back the item for safekeeping. Alternatively, plaintiffs argue that if this court should determine that the alleged instructions to Mr. Pickering to retain possession of the will until Mrs. Airey’s death created an irrevocable deposit, such arrangement was in fact a nullity because Mrs. Airey was notoriously insane at the time she appointed defendant as her depositary.
We note at this point that no testimony was taken before the lower court at the time of the hearing. The attorneys submitted the matter after oral argument and the trial judge reached a decision.
After a careful review of the record, we are of the opinion that the issues presented for our decision are solely questions of law. We are called upon to decide whether a will is in the nature of property belonging to the estate of the interdict and if so, whether the curator has a right because of the office which he holds to obtain possession of a will, if one exists, and a duty to preserve that document until the death of the interdict.
There is no doubt in the court’s mind that a will is property which belongs to the testator. It is true that such a document has no present value in the sense that one cannot place a price on its worth. But it is of tremendous value to the person who has written it. This document expresses the desires of the testator regarding whom he wishes to receive his estate at his demise. We can hardly conceive of any document which would be of greater personal value to anyone than his will. Nor can we conceive of treating a will as anything other than the personal property of the testator. It is a tangible, physical document which the testator owns and has a complete right, under law, to possess and control to the absolute exclusion of all others. The testator alone is free to alter or destroy this document at any time prior to death. Simply because a will does not become a thing of value to the heirs and legatees named therein until its probate at the death of the testator does not render it any the less the property of the person making it.
Counsel for defendant states that the question presented here is res nova in Louisiana, and that we should look to other jurisdictions for direction. Accordingly he has cited an 1892 California case which appears to have involved strikingly similar circumstances. Mastick v. Superior Court of City & County of San Francisco, 94 Cal. 347, 29 P. 869 (1892). We will agree with the rationale of that case in part, namely that a will is neither an asset nor an instrument which the curator can use in recovering an asset within the strict meaning of the word, but as stated above we do recognize the will as the personal property of the interdict which has great meaning, value and significance to her. For that reason her curator not only has the right to speak for her regarding its deposit for preservation, but is under a duty to do so. We do not agree with the California Court that the curator [guardian] occupies the same position as a third person in relationship to the interdict in a situation of this kind.
There is no dispute of the fact that the Hibernia National Bank in New Orleans is the lawfully appointed curator of the property of the interdict, Mrs. Marguerite Sampson Airey. Having found the will to be personal property the only other point which we need discuss therefore is whether as the curator, plaintiff has a duty to obtain the possession of the property of the interdict for the purpose of safekeeping.
There is no apparent threat to the preservation of the will in this case in defendant’s possession; indeed quite the contrary, but it is conceivable that a case could arise where the curator would be derelict if it did not take steps to gain possession of its ward’s will and it is for that reason, more than for any practical result to be gained *56 in this case, that we have treated the issue of law as a serious one.
LSA-C.C.P. art. 4554 provides that the relationship between the interdict and the curator is essentially the same as the relationship between the tutor and the minor. It is further specifically provided in LSA-C.C.P. art. 4262 that the “tutor shall take possession of, preserve, and administer the minor’s property.” The duty of the curator vis a vis the interdict is the same in this regard. Thus in seeking to obtain possession of Mrs. Airey’s will the curator is merely attempting to comply with the mandatory language of LSA-C.C.P. art. 4262. See also LSA-C.C. art. 2951 which in pertinent part is as follows:

“If the depositor has changed condition, as if a woman marries or a person of full age falls under interdiction, the deposit can be restored only to the person who has the administration of the rights and property of the depositor.”
LSA-C.C. art. 2955 provides as follows:
“The deposit must be restored to the depositor as soon as he demands it, even though the contract may have specified the time for its being restored, unless there be in the hands of the depositary, an attachment on the property or an opposition made on the owner.”
The defendant’s contention that the deposit is irrevocable is without foundation. The circumstance of the depositor’s interdiction does not render the deposit any more or less revocable, but merely affects the capacity of the depositor to demand its revocation and her capacity to receive the returned deposit. Since the curator stands in the shoes of the interdict-depositor, it is he and only he who may assert the right to obtain a deposited object. If the depositor may revoke the deposit at any time, then certainly the curator may do the same on behalf of the interdict, when in the exercise of its discretion such would be to the best interest of its ward.
Furthermore, if the deposit with instructions is treated as a procuration, it expired with the interdiction of the principal. LSA-C.C. art. 3027. For the reasons above stated the curator is the only one authorized to demand and receive the return of the thing deposited.
Much has been stated in briefs and oral argument about an alleged letter written by Mrs. Airey to the defendant shortly after the will was confected in which she purportedly requested the return of the document in question. However this letter is not before this court, having never been introduced into evidence. Moreover regardless of whether or not this letter is actually in existence and was received by defendant, it is immaterial to the decision of this matter. The authority of the curator to demand the return of Mrs. Airey’s will is not contingent on whether Mrs. Airey herself requested its return prior to her interdiction.
Nor do we deem it necessary to inquire into the motives of the curator seeking to obtain this particular item of property. The curator is charged with the prudent administration of the estate of the interdict. Once having obtained the interdict’s property the curator is charged with preserving it until the death of the ward. We can see no harm which will come to Mr. Pickering by the curator’s obtaining possession of the will. The curator is under a legal duty to preserve the document. It may not destroy it and would certainly be legally responsible if it were destroyed through its fault.
Since we have determined that the curator, by virtue of its office, is entitled to the possession of Mrs. Airey’s property, we are of the opinion that the trial court properly ruled on the plaintiffs’ “rule to strike” interrogatories filed by defendant and defendant’s exceptions to plaintiffs’ motion to strike. We note that regardless *57 of the caption which plaintiffs have given to the document filed, in reality it is an objection to defendant’s interrogatories timely filed pursuant to LSA-C.C.P. art. 1491 and we have treated it as such. Since the issues involved herein are solely ones of law, we are of the opinion that the trial court properly relieved plaintiffs of the obligations of answering these interrogatories as they are designed to elicit facts immaterial to a decision of the matter before us. We are likewise of the opinion that the trial court correctly ruled on the exceptions filed by defendant.
We do not find the defendant to have been arbitrary in his refusal to surrender the will to the possession of the curator. As depositary he was in a position of trust which imposes a strict obligation. LSA-C.C. arts. 2937 and 2938. In view of the depositor’s having been interdicted after making the deposit it was not unreasonable for the depositary to refuse to give up the possession of the will until so ordered by the court. Accordingly we will exercise our authority under LSA-C.C.P. art. 2164 and assess the costs of this proceeding against the plaintiffs-appellees.
For the foregoing reasons the judgments appealed from are affirmed at the costs of the plaintiffs-appellees.
Affirmed.