[Civ. Nos. 58097, 56489. Second Dist., Div. Two. June 4, 1980.]

Conservatorship of the Estate and Person of
FLORENCE H. DU NAH.
JOHN I. BOLEN, as Conservator, etc., Petitioner and Appellant, v.
STEPHEN I. ZETTERBERG et al., Citees and Respondents.

COUNSEL

William E. Fox for Petitioner and Appellant.

Stephen I. Zetterberg, in pro. per., Zetterberg & Zetterberg and Funglan Persimmon for Citees and Respondents.

OPINION

**FLEMING, Acting P. J.**—John I. Bolen, as conservator of the estate and person of Florence H. Du Nah, appeals the dismissal of a citation he caused to be issued upon the law firm of Zetterberg & Zetterberg for an order directing the firm to deliver to him the will and related documents of the conservatee Du Nah. Bolen also appeals the probate court's award of attorneys fees as "necessary expenses." (Prob. Code, § 613.) The appeals were consolidated by order of this court.

Since May 1978 John Bolen has been the conservator of the person and the estate of Florence H. Du Nah. In August 1978 Du Nah asked Stephen Zetterberg, an attorney, to prepare a will for her. After speaking to Du Nah on two separate occasions, Zetterberg concluded she was capable of making a will, and on August 17 he drafted the requested will and related documents. Du Nah then executed the will and instructed Zetterberg to hold it for safekeeping. Shortly thereafter the Zetterberg firm sent a bill for its services to conservator Bolen in care of his attorney, William Fox. Fox responded by letter dated October 17 demanding on behalf of the conservator that Zetterberg deliver the will to him (Fox). Additional correspondence followed, which culminated in a letter to Zetterberg, drafted on Fox's stationery but "read to" and signed by Du Nah, informing Zetterberg that she (Du Nah) had no recollection of authorizing him to prepare a will for her, that he was a

complete stranger to her, and that she wanted him to deliver to Bolen or Fox any document he had assertedly prepared for her. In a letter dated October 27 Zetterberg replied that he was holding the will for safekeeping in accordance with Du Nah's instructions, and that, although he recognized that ordinarily the maker of a will could request its return, the correspondence he had received indicated clearly that Du Nah was not competent to make such a request. Zetterberg added that although he would be happy to be relieved of the responsibility for the will's safekeeping, he believed that he was obligated as its custodian to hold it pending the death of the conservatee, at which time he would deliver it to the court.

Bolen then petitioned the court for a citation directing the Zetterberg firm to show cause why the will and related instruments prepared by Zetterberg should not be delivered to him as Du Nah's conservator. (Prob. Code, § 1903.) The superior court, sitting in probate, without determining whether Du Nah had testamentary capacity when she executed the subject will, found, inter alia, (1) that Du Nah, the conservatee, was not then competent to request the return of the will, (2) that Bolen, the conservator, had no right to its possession because the will was not property belonging to the conservatee's estate, and (3) that Zetterberg would be violating the confidence of his client Du Nah if he were to give up the will. The court thereupon concluded that Zetterberg was under a duty to retain the will, and that the court had no jurisdiction to order the firm to deliver the document to either the conservatee, who was then incompetent, or the conservator, who had no right to its possession. Accordingly, the court dismissed the citation.

Zetterberg moved for an order directing Bolen, as conservator, to pay the expenses allegedly incurred by his firm in connection with the citation. Specifically, Zetterberg requested payment of $3,048.75 for his firm's attorneys fees, and $107.90 for out-of-pocket expenses. On January 15, 1979, the probate court, after rejecting Zetterberg's request for attorneys fees for services in preparation of the will, granted the motion for payment of $3,156.65 as "necessary expenses" assertedly incurred as a result of the conservator's citation. (Prob. Code, §§ 1903, 613.)

■ On appeal, Bolen asserts the trial court erred (1) in refusing to order Zetterberg to deliver the conservatee's will to him, and (2) in awarding attorneys fees as "necessary expenses" under Probate Code section 613.

Probate Code section 1903 provides: "Upon petition...by the conservator...that any person is suspected of having embezzled, concealed, smuggled or falsely or fraudulently obtained...any property of the conservatee, *or has in his possession or has knowledge of any instrument in writing belonging to the conservatee, or that such person asserts any claim against the conservatee or the estate*...the court may cite such person to appear before [it]...[T]he rights and duties of the parties shall be governed by the provisions of Section 613 of this code." (Italics added.) Probate Code section 613, which authorizes the citation of a person on the complaint of an administrator, executor, or a person interested in the estate of a decedent, parallels section 1903, and, additionally, provides that "if [the citee] appears and is found innocent, his necessary expenses must be allowed him out of the estate."

The primary issue here is whether the conservatee's will is an "instrument in writing" under Probate Code section 1903, which would entitle the conservator to demand its delivery. We know of no case, nor have the parties cited any, which has construed the phrase "instrument in writing" under section 1903. However, two cases which have examined the phrase in the context of parallel provisions governing a guardian's recovery of his ward's assets (*Vigne* v. *Superior Court* (1940) 37 Cal. App.2d 346 [99 P.2d 589], construing Prob. Code, § 1552; *Mastick* v. *Superior Court* (1892) 94 Cal. 347 [29 P. 869], construing former Code Civ. Proc., § 1800), specifically hold that the phrase "instrument in writing" refers only to a document which a guardian is entitled to possess as "an asset or as evidence of his ward's title to property" and does not include the ward's last will and testament, which is neither an asset nor "an instrument which the guardian could use in the recovery of an asset." (*Vigne* v. *Superior Court, supra*, at p. 349.)

In *Vigne*, the more recent of the two guardianship cases, Perry Whiting, executed a will in July 1937 and gave it to Vigne, a director of the company of which Whiting was president, for safekeeping. In 1939 Whiting was adjudicated to be incompetent. Whiting's guardians demanded that Vigne deliver Whiting's will to them. In addition, the ward himself wrote a letter to Vigne demanding that Vigne deliver the will to his and his guardians' attorney. Vigne, the custodian, refused to deliver the will, and a citation was then issued under Probate Code section 1552 directing him to show cause why he should not comply with the demands. The probate court ordered Vigne to deliver the will to the guardians' attorney, but on appeal the order was annulled. The appellate court concluded the will was not an "instrument in writing" for

purposes of section 1552 (which, except for its application to wards instead of conservatees, is similar to section 1903), and it reasoned that a will "'cannot in any way relate to any matter within [the guardian's] power or duties, or in any manner affect his actions as a guardian, because it cannot take effect until after his authority has ceased. He certainly cannot annul, revoke, destroy, or in any way dispose of it, nor can the court authorize him to do so, and we are unable to see upon what ground he is entitled to its possession, or to a knowledge of its contents. If it were in his hands, of course it would be his duty to preserve it; but here it appears that the maker of the will before [he] became incompetent, selected [Vigne] as the custodian thereof, with special directions to retain the same until [the ward's] death...and upon [his] death to deliver it to [his] executor. The [custodian] is charged with the execution of this trust. It is a trust which could be revoked only by [the ward]...To hold that the subsequent incompetency of the maker of the will entitles the guardian to possession of the instrument would defeat the evident purpose of the maker.'" (*Vigne, supra*, pp. 349-350; quoting from *Mastick, supra*, at pp. 349-350.)

At bench, the conservator argues that *Vigne* and *Mastick* are distinguishable, in that the wards in those cases were competent when they executed their wills whereas the conservatee here was incompetent at the time of the execution of her will. The trial court refused to determine whether Du Nah had been competent to make a will in August 1978 on the theory that her testamentary capacity was not an issue before it. On the basis of the issue tendered to the court by counsel, this conclusion may have been technically correct. The issue presented by the citation was whether the conservator or the respondent was entitled to possession of the conservatee's will. Under the authorities cited above, it is clear that a will, valid or invalid, is not the type of "instrument in writing" which a guardian or conservator is entitled to demand delivery of under the provisions of Probate Code sections 1552 and 1903. We agree with the trial court's conclusion that Zetterberg, as custodian of the will, could assume responsibility for its safekeeping until Du Nah's death or until such time as she was sufficiently competent to request its return. The citation, therefore, was properly dismissed.

■ Bolen, the conservator, also asserts the probate court erred in including attorneys fees in its award of "necessary expenses." (Prob. Code, § 613.) Respondent Zetterberg, the citee, concedes that section 613 does not define "necessary expenses" to include attorneys fees, but

urges that a citee's "necessary expenses" for services rendered in the execution of his trust include attorneys fees (Prob. Code, § 1908). Yet had the Legislature desired to include attorneys fees among the expenses recoverable by an improperly cited citee, it could have defined "necessary expenses" to so state. It did not, and absent some express statutory or contractual authorization for such fees, we apply the general rule that attorneys fees are not recoverable by the successful party against an opposing party. (*American Fire etc. Service* v. *Williams* (1959) 171 Cal.App.2d 397, 404 [340 P.2d 644]; see also Code Civ. Proc., § 1021.) Moreover, an award of attorneys fees is particularly inappropriate in that the attorneys' services for which reimbursement was sought were those of the citee himself. And, finally, we note that because respondent Zetterberg had made a claim against the conservator of the estate for services rendered to the conservatee, a citation was technically appropriate under the provision of section 1903 which authorizes the court, on petition of a conservator, to cite a person asserting a claim against the estate to appear before the court. We do not believe respondent can claim attorneys fees for activities arising out of his pursuit of a claim for attorneys fees.

We close with a comment on the singular wastefulness of the litigation at bench. The issue of the conservatee's competency to make a will has not been decided (as it could have been under appropriate proceedings for declaratory relief). Not even the propriety and amount of respondent's fee for drafting the conservatee's will has been settled. The sole net consequence of the litigation has been to run up the cost of administration of the conservatorship. Superior courts have a vital interest in the administration of estates falling under their jurisdiction, and we urge them to act vigilantly and forcefully to forestall wasteful practices by administrators and counsel.

The order dismissing the citation is affirmed (2 Civ. 58097). The order awarding necessary expenses is modified by deleting the sum of *$3,156.65*, and by inserting in its place the sum of *$107.90* (2 Civ. 56489). Each party will bear its own costs on appeal.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied July 1, 1980, and the petition of respondent Zetterberg for a hearing by the Supreme Court was denied July 30, 1980. Mosk, J., was of the opinion that the petition should be granted.