[No. 7164–2–III.   Division Three.   July 29, 1986.]

*In the Matter of the Guardianship of*
DILLARD D. YORK, ET AL.

548

*Harvey Faurholt* and *Horton, Wilkins & Faurholt,* for appellant.

*William M. Tugman, Jr.,* and *Tugman & Hess,* for respondents.

MUNSON, J.—LaNita Yates, the only living child of Helen and Dillard York, appeals the order appointing her daughter, Jody Taylor, and her uncle, Grant York, as their co–guardians. She contends: (1) the order should be set aside since she was not notified of the guardianship hearing; and (2) the court erred in refusing to compel the production of the Yorks' wills so as to determine whether her daughter was a suitable guardian for them. We affirm in part, reverse in part.

Helen and Dillard York, wife and husband, signed a petition for appointment of a guardian on December 28, 1984. Mr. Tugman, counsel for the Yorks, advised this court that the Yorks requested him to hold the petition

pending their notification to file it. Their petition provided, in part:

> Because of their physical disabilities Petitioners require assistance in their physical needs and have retained the services of a live–in housekeeper for that purpose and to provide housekeeping, cooking and other household duties. Additionally, Petitioners for reasons of physical disability wish to be relieved from the necessity of maintaining their own books of account, paying bills and attending to banking functions though Petitioners need and want to be continually advised as to any financial transactions.
>
> . . .
>
> The appointment of Jodie Yates Taylor as Guardian . . . is sought to assist Petitioners in the management of their affairs and for the reason that in the event that either or both of petitioners become mentally incompetent that the Guardian or Alternate Guardian as the case may be will have full knowledge of all of the financial affairs of Petitioners as well as knowledge of Petitioners' needs and health . . . Additionally, Petitioners desire to choose in advance of the onset of any mental incapacity the persons who shall act as guardians in that event. Petitioners do not want their daughter, LaNita York Yates, to act as Guardian, Limited Guardian or to have any kind of control or authority over their persons and estates.[1]
>
> . . .
>
> Petitioners waive notice of hearing and request that an Order Appointing Guardians be entered as soon as possible after the Court receives the report of the Guardian ad Litem.
>
> . . .
>
> Petitioners waive personal appearance at the hearing on this Petition.

At the Yorks' request, the petition was filed on February

---

[1]The Yorks' desire not to have their daughter, LaNita York Yates, as their guardian stems from the parties' estrangement arising, in part, from Ms. Yates' previous attempt to have a guardian appointed for Mrs. York on the grounds she was incompetent to handle her own financial affairs. The trial court found her competent; we affirmed by unpublished opinion, *In re York*, noted at 44 Wn. App. 1033 (1986).

21, 1985;[2] Evan Hull, an attorney, was appointed their guardian ad litem the same day. On March 19, 1985, the couple entered a Walla Walla nursing home as they were no longer able to care for themselves while living alone in their own house (both were over 80 years of age). On that date, Mr. Hull filed his guardian ad litem's report along with an attached letter from Barry Kellogg, M.D., the Yorks' personal physician. Both Mr. Hull and Dr. Kellogg recommended the appointment of Jody Taylor as guardian; Mr. Hull also recommended Grant York, Dillard's brother, be appointed co–guardian.

A hearing on the petition was held March 20, 1985. No notice of the hearing was given to Ms. Yates, although she did attend the hearing. The court found the Yorks were mentally and physically disabled within the meaning of the guardian statutes, RCW 11.88, and orally appointed Ms. Taylor and Grant York co–guardians. In response to Ms. Yates' objection concerning lack of notice, the court noted the statute did not require notice to children of persons who themselves seek guardians. Letters of guardianship, appointing Ms. Taylor and Mr. Grant York as co–guardians, were entered on March 21, 1985.

Ms. Yates moved for reconsideration and a second hearing was held on April 29. Ms. Yates again contended the order was invalid because she lacked notice; she also requested the court to order the guardians to produce the Yorks' wills in order to determine if Ms. Taylor had exercised undue influence and, therefore, was unfit to be their guardian. The court ordered Ms. Taylor to provide Ms. Yates with copies of the wills.

Before the wills could be released, the Yorks' attorney moved for reconsideration and a third hearing was held on May 2. The Yorks' attorney refused to produce the wills for inspection, arguing that to do so before the Yorks' deaths

---

[2]This petition was filed after the order denying Ms. Yates' previous petition for guardianship, but while her second motion for reconsideration was pending; it was denied on March 1, 1985.

would violate their confidences. The court modified its prior ruling, stating that the wills need only be released to Ms. Taylor who, in turn, was to disclose whether she was receiving a "substantial" interest under the wills;[3] this appeal followed.

Ms. Yates initially challenges the order appointing guardians, claiming the jurisdictional requirement of notice was not fulfilled. RCW 11.88.040(3) does not require that notice of a guardianship hearing be given to the child of the alleged incompetent unless such a person "resides" with that child.[4] Ms. Yates did not reside with the Yorks.

■ Notwithstanding, Ms. Yates, citing *In re Bouchat,* 11 Wn. App. 369, 522 P.2d 1168 (1974), contends an interested party must be given notice of the proceeding. We disagree. In *Bouchat,* the petition was brought by a third party. No notice of hearing on the petition was given to Mr. Bouchat, the alleged incompetent; the court held the guardianship was, therefore, void. Here, the Yorks *themselves* requested the appointment of a guardian, signed the petition, and waived notice of hearing and the right to appear at the hearing. *See* RCW 11.88.040(3). We conclude the court did not err in determining there was no legal

---

[3]Apparently, the contents of the wills have not been disclosed to Ms. Taylor pending the outcome of this appeal.

[4]RCW 11.88.040 provides in part:
"Notice and hearing, when required—Service—Procedure. Before appointing a guardian or a limited guardian, notice of a hearing, to be held not less than ten days after service thereof, shall be given personally to the alleged incompetent or disabled person, if over fourteen years of age.
"Before appointing a guardian or a limited guardian, notice of a hearing, . . . shall be given . . . to the following:
"(1) The alleged incompetent, disabled person, or minor, if under fourteen years of age;
"(2) A parent, if the alleged incompetent or disabled person is a minor, and the spouse of the alleged incompetent or disabled person if any;
"(3) *Any other person who has been appointed as guardian or limited guardian, or the person with whom the alleged incompetent or disabled person resides. No notice need be given to those persons named in subsections (2) and (3) of this section if they have signed the petition for the appointment of the guardian or limited guardian or have waived notice of the hearing.*" (Italics ours.)

obligation to notify Ms. Yates of the hearing. *See also Freise v. Walker,* 27 Wn. App. 549, 551, 619 P.2d 366 (1980).

Ms. Yates next challenges the court's ruling that the wills should be disclosed only to Ms. Taylor, which modified its prior order compelling general production of the Yorks' wills. She alleges the provisions of the wills were relevant to Ms. Taylor's unsuitability as guardian since the provisions would demonstrate she exercised undue influence over the Yorks. In response, counsel for the Yorks contends "[a]n attorney should never be required to divulge the contents of a client's Will to any person, including the client's spouse or guardian, at any time prior to death."

The trial court has no authority to either (1) generally compel production of the wills or (2) order release of the wills to Ms. Taylor as the Yorks' guardian. First, a will has no legal significance before the testator's death, nor is it an asset of the ward's estate. Thus, prior to the initiation of probate proceedings, a court has no jurisdiction to compel surrender of a will at the guardian's request. *Pond v. Faust,* 90 Wash. 117, 120, 155 P. 776 (1916); *see In re Estate of Du Nah,* 106 Cal. App. 3d 517, 165 Cal. Rptr. 170 (1980). As noted in *Mastick v. Superior Court,* 94 Cal. 347, 350, 29 P. 869, 870 (1892):

> A person competent to make a will has a right to select the custodian, and to cause it to remain in his hands until called for, or until death makes it necessary for the custodian to deliver it to the court, or to a person named in the will. To hold that the subsequent incompetency of the maker of the will entitles the guardian to the possession of the instrument would defeat the evident purpose of the maker.

Second, while a client is alive, his or her communications with an attorney concerning preparation of a will remain privileged. *Bradway v. Thompson,* 139 Ark. 542, 214 S.W. 27, 31 (1919); *Doherty v. O'Callaghan,* 157 Mass. 90, 31 N.E. 726, 727 (1892); *In re Will of Williams,* 256 Wis. 338, 41 N.W.2d 191, 197 (1950); Annots., *Privilege as to Com-*

*munications to Attorney in Connection With Drawing of Will*, 66 A.L.R.2d 1302, 1304 (1959); 64 A.L.R. 184, 185 (1929). A will, drawn by a lawyer at the direction of a client, contains the very essence of the communications from the client relating to his or her wishes, intentions, and desires with respect to the disposition of their property.

Finally, without the consent of the testator, disclosure of a will prior to the testator's death violates the Code of Professional Responsibility. Former CPR DR 4–101(B)(1)[5] imposes a duty on lawyers not to reveal the client secrets or confidences. Although the rule permits disclosure of confidences or secrets pursuant to court order, CPR DR 4–101(C)(2), CPR EC 4–2, such compulsion must be used sparingly. The duty to abide by the Rules of Professional Conduct and the need to preserve public trust in the privileged communications of the legal profession must be weighed against the public's interest in the administration of justice. Under the facts presented here, we perceive no compelling reason why the contents of the wills need be disclosed. Their relevance with respect to Ms. Taylor's suitability as guardian is outweighed by the public policy that the contents of wills remain confidential.

Accordingly, we affirm the order of guardians, but reverse the trial court's order compelling the Yorks' attorney to disclose the contents of their wills. Since those wills are part of the record before this court, the clerk shall return them to Mr. Tugman, by certified mail, when the mandate is filed.

GREEN, C.J., and THOMPSON, J., concur.

---

[5]The Code of Professional Responsibility was abrogated and superseded by the Rules of Professional Conduct, effective September 1, 1985. *See* 104 Wn.2d 1101, 1102–39 (1985). RPC 1.6, entitled "Confidentiality," is consistent with the old rule and does not affect our analysis.