**Gwendolyn Rauh BAUMANN, Guardian, Appellant,**

v.

**George P. WILLIS, Appellee.**

**No. 13–85–566–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 26, 1986.

Rehearing Denied Dec. 31, 1986.

Mary C. Williams, Baker & Botts, Houston, for appellant.

George P. Willis, Willis & Willis, El Campo, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

This appeal concerns the question of who is entitled to possession of the will of an individual who has been declared *non compos mentis* and had a guardian appointed. Appellant, guardian of the person and the estate of Sophia D. Rauh, brought suit to force appellee, the personal attorney of Sophia D. Rauh, to turn over to her Mrs. Rauh's original will. After a hearing before the court, the appellant's motion was denied. We affirm.

No statement of facts was filed with this Court. However, findings of fact and conclusions of law were made by the trial

court. From these findings of fact, we determine that appellee had represented W.E. Rauh and his wife, Sophia, as their personal attorney for many years prior to Mr. Rauh's death. After Mr. Rauh's death, appellee continued to represent Mrs. Rauh. Prior to 1981, Mrs. Rauh executed a new will and placed it in the care and control of appellee. Appellant, who is also one of Mrs. Rauh's daughters, attempted to secure possession of Mrs. Rauh's will a few months after its execution. Upon learning of this attempt to obtain possession of the will by the appellant, Mrs. Rauh instructed appellee not to deliver her will to appellant or any other person and under no circumstances was he to disclose the contents of the will to any person until after her death. In 1981, Mrs. Rauh was declared *non compos mentis* and appellant was qualified as guardian of her person and estate. In 1984, appellant commenced the proceeding which is currently before this Court.

In 1985, a hearing was held on appellant's motion to require appellee to deliver Mrs. Rauh's will and other documents and papers belonging to Mrs. Rauh to appellant. The trial court found that "no statutory authority was shown to the court indicating a legislative intent to give a guardian the authority to take charge of the ward's will, especially where a lawyer-client relationship forbids such delivery." In its sole conclusion of law, the trial court found that appellant "had failed to show a legal right to take physical possession of her ward's last will and testament."

In the absence of a statement of facts, it must be presumed that sufficient evidence was introduced to support the findings of facts and conclusions of law by the trial court. *Alexander v. Barlow*, 671 S.W.2d 531 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *In Re Galliher*, 546 S.W.2d 665 (Tex.Civ.App.—Beaumont 1977, no writ). *See Brockette v. Sosa*, 675 S.W.2d 807 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). However, while the findings of facts are binding on the parties and are to be accepted by this Court as justified by the evidence, the correctness of the legal conclusions reached by the Court

from these facts is still subject to review. *Vasquez v. Vasquez*, 645 S.W.2d 573 (Tex. App.—El Paso 1982, writ ref'd n.r.e.).

Appellant's first point of error alleges that the trial court erred in denying appellant's recovery of the documents because, as a matter of law, the appellant was entitled to take possession of Mrs. Rauh's will. The question posed to this Court is whether the Texas Probate Code imposes a duty upon the guardian to recover possession of the ward's will. This appears to be a question previously undecided in this State.

Tex.Prob.Code Ann. § 230(b)(1) (Vernon 1980) provides that:

> The guardian of the estate of a ward is entitled to the possession and management of all properties belonging to the ward, . . . . It is the duty of the guardian of the estate to take care of and manage such estate as a prudent man would manage his own property. He shall account for all rents, profits and revenues that the estate would have produced by such prudent management.

§ 232 of the Probate Code provides that:

> The personal representative of an estate, immediately after receiving letters, shall collect and take into possession the personal property, record books, title papers, and other business papers of the estate, and all such in his possession shall be delivered to the person or persons legally entitled thereto when the administration has been closed or a successor has received letters.

Finally, § 233 of the Probate Code states that:

> Every personal representative of an estate should use ordinary diligence to collect claims and debts to the estate and recover possession of all property of the estate to which its owners have claim or title, provided there is a reasonable prospect of collecting such claims or recovering such property . . . .

The question in this case is whether or not a ward's will is property as that term is used in Sections 230, 232, and 233 of the Probate Code. Section 3 defines the terms

of the Code. Subsection 3(z) defines personal property as "interest in goods, money, choses in action, evidence of debts, and chattels real." Subsection 3(cc) defines property to "include both real and personal property." A will has been defined to be "an instrument by which a person makes a disposition of his property, to take effect after his death and which by its own nature is ambulatory and revocable during his lifetime." *In Re Estate of Brown*, 507 S.W.2d 801 (Tex.Civ.App.—Dallas 1974, no writ); *See Hinson v. Hinson*, 280 S.W.2d 731 (Tex.1955). We have found no cases which define the word "will" as being property as that term is defined by the Probate Code.

While this question is unique to the jurisprudence of this State, it has been confronted by other jurisdictions. In *Mastick v. The Superior Court of City and County of San Francisco*, 29 P. 869 (Cal.1892), an analogous fact situation was decided. In *Mastick*, as in our case, the ward had previously executed a will and placed it with an attorney for safe keeping. A guardian was appointed and attempted to obtain physical possession of the will. Apparently, the provisions of the appropriate California Code concerning the duties of a guardian were similar to those duties given a guardian in Texas. The court found that:

> The last will and testament of the ward is not an asset. Neither is it an instrument which the guardian could use in the recovery of an asset. It cannot in any way relate to any matter within his power or duties, or in any manner affect his action as a guardian, because it cannot take effect until after his authority has ceased. He certainly cannot annul, revoke, destroy, or in any way dispose of it, nor can the court authorize him to do so; and we are unable to see upon what ground he is entitled to its possession, or to a knowledge of its contents. If it were in his hands, of course it would be his duty to preserve it, but here it appears that the maker of the will, before she became incompetent, selected the petitioner as the custodian thereof, with special directions to retain the same until her death, unless she called for it, and upon her death, to deliver it to her executor.... The guardian occupies the same position that a third person would. A person competent to make a will has the right to select a custodian, and to cause it to remain in his hands until called for, or until death makes it necessary for the custodian to deliver it to the court, or to a person named in the will. To hold that the subsequent incompetency of the maker of the will entitles the guardian to the possession of the instrument would defeat the evident purpose of the maker.

*Mastick*, 29 P. at 870.

The determination in *Mastick* is sufficiently analogous to our case to be applicable in Texas. Appellant would have this Court ignore the holding of *Mastick* and instead follow the holdings of the intermediate appellate courts of Louisiana. *See Airey v. Sampson*, 250 So.2d 52 (La.Ct. App.—4th Cir.1971), *affirmed*, 262 La. 383, 263 So.2d 330 (1972). In *Airey*, the Louisiana Court rejected the *Mastick* opinion and held that the will of a living person is property, was worthy of safe-keeping, and was within the ambit of the State statute charging the curator [guardian] of the property with the duty to possess and preserve the ward's property. We are not persuaded by *Airey* that this should be the correct state of the law in Texas. Additionally, we would note that the Louisiana Supreme Court, in affirming *Airey*, appears to have rejected the specific language of the case. The Court only approved the outcome, asserting that under the circumstances of the case there was no beneficial effect to be accomplished by a reversal. *Airey*, 263 So.2d at 332.[1]

None of the definitions found within the Probate Code include wills as property. While we recognize that such definitions are not all-inclusive, we think this exclusion

---

1. We note also that the curator of the person and the curator of the property were not the same party in *Airey*.

to be significant. The will does not in and of itself have value to the ward such as a note or a security, nor is it a business paper necessary to conduct the business or affairs of the ward. Any entrustment here is not of the document itself, but an entrustment of the keeping of the confidence of the devises contained in the will. These were not to be revealed, but to be kept secret from the specific person who is now guardian and who now seeks possession of the will and, thus, the secret desires or wishes of the ward with respect to the disposition of the ward's estate upon her death.

█ Under the facts of this case, we find no reason for the guardian of the estate to have possession of the will. Significantly, we note there is no allegation, or any evidence before this Court, that the appellee has threatened to destroy the document in question, nor do we perceive or find any pleading or evidence of how the guardian's possession of the will can in any way effect the administration of the guardianship, or is necessary to the guardian, or how its unavailability prevents the guardian from performing her duties for the ward. Absent other facts, we believe the conclusion of law of the trial court is not erroneous. Appellant's first point of error is overruled.

█ Appellant's second point of error alleges that the trial court erred in refusing to allow appellant the opportunity to introduce evidence of reasonable and necessary attorney fees on appellant's behalf. Appellant, in her brief, has characterized these fees as "costs to the estate" in asserting the right to such an award. Initially, we would note that the term "costs" simply does not include attorney's fees. *American Airlines, Inc. v. Swest Inc.*, 707 S.W.2d 545 (Tex.1986). We find no authority in the Probate Code for the proposition that the appellant is entitled to recover costs and/or attorney's fees from appellee. Tex.Prob.Code Ann. § 242 (Vernon 1980). Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.