STATE of Missouri, ex rel. Robert
L. WILLIAMS, Jr., Relator,

v.

The Honorable Robert L. KOFFMAN, Judge of the Circuit Court of Pettis County, Missouri, Probate Division, Respondent.

No. WD 48119.

Missouri Court of Appeals,
Western District.

Feb. 1, 1994.

James T. Buckley, Sedalia, for relator.

Stanley Brian Cox, Sedalia, for respondent.

Before KENNEDY, P.J., and BERREY and FENNER, JJ.

KENNEDY, Presiding Judge.

In this case we issued our preliminary writ to prohibit the trial judge's requiring a defendant to provide to the plaintiffs, in response to plaintiffs' Request for Production of Documents, "a copy of the Last Will and Testament of Laura Merle Williams." Plaintiffs were the guardians of the person and conservators of the estate of Laura Merle Williams [the "protectee"], who had been declared incapacitated and disabled. The plaintiffs, in their capacity as guardians and conservators, filed suit against the defendant, Robert L. Williams, Jr. [the "relator"], seeking to recover a large sum of money ($169,-000) which he had gotten from their protectee before she had been declared incapacitated and disabled and placed under guardianship after a hearing held on December 14, 1991.

After answer by respondent judge to the petition for writ of prohibition, and after briefs and argument by the parties, we now discharge the preliminary writ.

In the course of discovery by depositions and interrogatories, the following facts were developed: Laura Merle Williams had executed a will. The date of the will is not shown by the record, but it was before she was declared incapacitated and disabled. She had the will in a bank safe deposit box. The safe deposit box was hers, according to the deposition testimony of Robert L.

Williams, Jr., "but my name was on the lockbox."

On December 12, 1991, two days before the scheduled hearing in which she was adjudged incapacitated and disabled, defendant Robert L. Williams, Jr. and Laura Merle Williams went to the bank to enter the safe deposit box. They did not have a key. They had the box drilled. Robert L. Williams, Jr. removed the will from the box and took it to his lawyer's office. The lawyer placed the will in his safe deposit box, where it resides at the present time.

Mr. Williams on his deposition declined, on the advice of his attorney, to answer any questions about the execution of the will, including its date or the names of the witnesses thereto. Whether he had knowledge to answer the questions the record does not show.

It is notable that the plaintiffs do not seek the original will itself; they seek a copy of it. It is this feature which makes the case unique. Plaintiffs tell us in respondent's brief that they want a copy of the will for the purpose of ascertaining the names of the witnesses, who would have observed Laura Merle Williams during the time she was making transfers of money to Robert L. Williams, Jr. The identification of the witnesses might lead to the discovery of admissible evidence, the plaintiffs say, and so is discoverable under Rule 56.01. One can imagine other information the plaintiffs might get from the will, if they had a copy of it, which might be useful to them in their lawsuit against Mr. Williams. *See, e.g., State ex rel. St. Louis Union Trust Co. v. Sartorius,* 351 Mo. 111, 171 S.W.2d 569, 572 (1943).

Mr. Williams resists furnishing a copy of the will. He has offered to file the original will with the probate court for safekeeping under section 474.510, RSMo 1986.[1]

Mr. Williams argues that the will is "confidential and privileged," and hence that he may not be required to furnish a copy of it to the plaintiffs. It is on this ground alone that Mr. Williams resists furnishing a copy of Laura Merle Williams's will. Mr. Williams makes no claim implicating the privileged

---

1. All statutory references are to RSMo 1986, unless otherwise noted.

status of a client's communications to his attorney, or of documents entrusted by client to attorney, discussed in 8 Wigmore, *Evidence* sections 2307, 2314 (McNaughton rev. 1961 & Supp.1991). Mr. Williams is not an attorney. For our purposes, although it is not entirely clear from the record before us, we may assume that Mr. Williams is the authorized custodian of the will.

The guardians and conservators have not challenged Mr. Williams's standing to claim any privilege which would shield the will from disclosure. Neither do they make any claim of waiver of the privilege by Laura Merle Williams through her guardian and conservators.

■ To cloak a will with privilege from disclosure during the testator's lifetime would be to enlarge privilege beyond its present boundaries. The general rule as stated in 8 Wigmore, *Evidence* at section 2211, applies here:

> The mere fact that a document concerns the property or other private affairs of the witness, or that its disclosure would in his opinion inconvenience him, does not create a privilege. The duty to assist the truth ... is paramount and indeed presupposes some sort of sacrifice by the witness. Subject, then, to a general discretion in the court to decline to compel production where in the case in hand the document's utility in evidence would not be commensurate with the detriment to the witness, *any and every document* may be called for, however personal and private its contents may be. (Emphasis in original.)

■ Mr. Williams does not cite any statute or case which would, as an exception to the general rule just quoted, give a will privilege against disclosure. He cites us to section 474.510 as indicative of a public policy to protect the confidentiality of one's will during his lifetime. That statute provides for the filing of one's will in the probate court, and provides for its safekeeping until the testator's death, or its delivery to the testator himself during his lifetime or to some person authorized by him to receive it. Mr.

Williams supposes that a will so deposited with the probate court could not be compelled to be disclosed by discovery, but we do not need to decide whether that is so. If the statute does give privileged status to a will filed according to its terms, it does not go beyond its terms to establish a public policy that all wills, whether filed with the probate court in accordance with the statute or not, have privileged status during the testator's lifetime. See, for a discussion of the bases of public policy, *Murphy v. Timber Trace Ass'n,* 779 S.W.2d 603, 607–08 (Mo.App.1989). Of course, Laura Merle Williams did not take advantage of the section 474.510 procedure, and that section does not give her will privileged status.

In the cases cited by the relator Mr. Williams,[2] the issue has been the conservator's entitlement to physical possession of the protectee's original will. In each of those cases, the conservator has claimed entitlement to possession of his protectee's original will, as against a person to whom the will had been entrusted by the protectee while competent. In none of the cases were the contents of the will being sought for evidence in a lawsuit by discovery, or by subpoena duces tecum. In the present case, of course, the plaintiffs do not challenge defendant's right to retain custody of Laura Merle Williams's original will.

Preliminary writ of prohibition discharged.

All concur.

■

2. *In re Jessens's Estate,* 37 A.D.2d 408, 326 N.Y.S.2d 915 (1971); *Baumann v. Willis,* 721 S.W.2d 535 (Tex. Ct.App.1986); *Airey v. Sampson,* 250 So.2d 52 (La.Ct.App.1971), *aff'd,* 262 La. 383, 263 So.2d 330 (1972); *Mastick v. Superior Court,* 94 Cal. 347, 29 P. 869 (1892).