645 So.2d 168 (1994)
Howard F. ULLMAN, as Guardian of the Person and Property of Irene Oldensmith, Incompetent, Appellant,
v.
David GARCIA, Appellee.
No. 94-419.
District Court of Appeal of Florida, Third District.
November 23, 1994.
Ullman & Ullman, Howard F. Ullman, and Steven J. Glueck, North Miami Beach, for appellant.
Steel Hector & Davis, Clay Craig, and Brian J. Felcoski, Miami, for appellee.
Before HUBBART, GERSTEN and GREEN, JJ.
*169 PER CURIAM.
Appellant Howard F. Ullman, as guardian of the estate of Irene Oldensmith, appeals the trial court's order dismissing an action to disaffirm Totten trusts. We affirm based upon our conclusion that the guardian of an incapacitated settlor cannot contest the validity of a revocable trust during the settlor's lifetime on the basis of undue influence.
In February of 1984, 75-year-old Irene Oldensmith executed a will appointing 28-year-old appellee David Garcia as her executor and her sole residuary devisee. Prior to this time, Irene had executed two previous wills leaving her estate to her aunts.
In October of 1986, appellee David Garcia petitioned the court to be appointed as Irene's guardian, asserting that she was no longer competent to handle her own affairs. Although Irene was declared incompetent, the court appointed appellant Howard Ullman, a member of the Florida Bar, as Irene's guardian instead of Garcia.
Ullman filed a three count action in May of 1991 on behalf of Irene, against Garcia. Count I sought to disaffirm the Totten trusts naming Garcia as the beneficiary. Count II sought a declaration that the 1984 will was void. Count III sought to compel an accounting to set aside inter vivos gifts and to impose certain constructive trusts. The petition alleged that Irene was suffering from progressive neurological disorders and had a diminished mental capacity. The petition further alleged that Garcia had exerted undue influence upon Irene, as evidenced by the provision in the will leaving to Garcia practically the entire $1 million estate, and the numerous Totten trust bank accounts.
In April of 1992, during the pendency of the action, the Florida legislature enacted section 732.518, which provides that: "An action to contest the validity of a will may not be commenced before the death of the testator." § 732.518, Fla. Stat. (Sept. 1992). The legislature specifically provided that this section was applicable to bar actions contesting the validity of a will which were pending on and after October 1, 1992. The probate court dismissed Count II of the action as barred by section 732.518.
Effective October 1, 1992, the legislature added Section 737.206 which provides that: "An action to contest the validity of all or part of a trust may not be commenced until the trust becomes irrevocable." § 737.206, Fla. Stat. (Supp. 1992). Ullman then filed a Motion for Instruction regarding his continued prosecution of the action to disaffirm the Totten trusts in Count I. The trial court dismissed Count I on the basis of section 737.206, and Ullman appeals.
We find no basis in law or fact for the guardian's arguments in this appeal. Florida case law, as well as section 737.206, Florida Statutes (Supp. 1992), provides that a revocable trust cannot be contested until the death of the settlor. See Florida Nat. Bank of Palm Beach County v. Genova, 460 So.2d 895 (Fla. 1984); Paananen v. Kruse, 581 So.2d 186 (Fla. 2d DCA 1991). The reasoning behind this rule is that the devisee of a revocable trust does not have any control over ownership of the trust property until the settlor's death. See Seymour v. Seymour, 85 So.2d 726 (Fla. 1956); Barnard v. Gunter, 625 So.2d 56 (Fla. 3d DCA 1993); Nahar v. Nahar, 576 So.2d 862 (Fla. 3d DCA 1991). Since the settlor has the absolute right to end the trust at any time and to distribute the trust property in any manner, those named as beneficiaries are merely potential devisees.
Accordingly, as noted in Paananen, 581 So.2d at 188, "undue influence is not an available remedy to revoke a settlor's revocable inter vivos trust where the settlor is still alive at the time the action for revocation based upon undue influence is initiated." See also Freeman v. Lane, 504 So.2d 1297 (Fla. 5th DCA), review denied, 513 So.2d 1061 (Fla. 1987); Genova, 460 So.2d at 895. Undue influence is not an available remedy because of the unique nature of a revocable trust in that it reserves to the settlor the power to end the trust at any time, and postpones the devisee's enjoyment of the trust until the settlor's death. Genova, 460 So.2d at 897.
This retention of control distinguishes a revocable trust from the other types of conveyances to which the principle of undue *170 influence is applied, such as gifts, deeds, wills, and contracts. For example, in the context of an inter vivos gift, the gift is "completed at the time the gift was made, and the donor no longer retain[s] any control over the ownership of her property. Once the gift is made, the only way that the donor can regain outright ownership of her interest in the property, is to allege undue influence." Genova, 460 So.2d at 897.
By contrast, the devisees of a settlor's revocable trust "do not come into possession of any of the trust property until the event of [the settlor's] death, and even this interest is contingent upon her not exercising her power to revoke. Since she is the sole beneficiary of the trust during her lifetime, she has the absolute right to call the trust to an end and distribute the trust property in any way she wishes." Genova, 460 So.2d at 897. Thus undue influence has no place in determining the validity of Irene's revocable trust, which by definition may be terminated at any time during her life.
We disagree with Ullman's contention that this line of authority is inapplicable to circumstances involving a settlor who has been declared incapacitated. Ullman asserts that he is entitled to bring this action as part of his duty as a guardian to protect Irene and her assets.
The duty of a guardian is to protect the person and property of a ward, and a guardian does have the right to seek to set aside certain gifts and conveyances which were procured by undue influence. See Saliba v. James, 143 Fla. 404, 196 So. 832 (1940); First Nat'l. Bank of St. Petersburg v. MacDonald, 100 Fla. 675, 130 So. 596 (1930); Cohen v. Cohen, 346 So.2d 1047 (Fla. 2d DCA 1977). However, as discussed above, a revocable trust is a unique instrument which has no legal significance until the settlor's death. See Genova, 460 So.2d at 895; Paananen, 581 So.2d at 186; Austin Wakeman Scott, The Law of Trust § 58.4 (4th ed. 1987); George Taylor Bogert, Trusts & Trustees § 47 (2nd ed. rev. 1984). Thus it is not an asset of the ward's estate, and its validity cannot be contested until the settlor dies. See In re Guardianship of York, 44 Wash. App. 547, 723 P.2d 448 (1986); Pond v. Faust, 90 Wash. 117, 155 P. 776 (1916); Estate of Du Nah, 106 Cal. App.3d 517, 165 Cal. Rptr. 170 (1980); Mastick v. Superior Court of City and County of San Francisco, 94 Cal. 347, 29 P. 869 (1892).
As noted in Pond, in response to a guardian's argument that bringing a will contest was part of his duty to protect the ward:
`The last will and testament of the ward is not an asset. Neither is it an instrument which the guardian could use in the recovery of an asset. It cannot in any way relate to any matter within his power or duties, or in any manner affect his action as a guardian, because it cannot take effect until after his authority has ceased. He certainly cannot annul, revoke, destroy, or in any way dispose of it, nor can the court authorize him to do so.' Mastick v. Superior Court, 94 Cal. 347, 29 Pac. 869.
... .
Furthermore, the guardian has, or should have, no interest whatever either in establishing or disestablishing a will of his ward. He has no authority in the matter.
Pond, 155 P. at 778. See Baumann v. Willis, 721 S.W.2d 535 (Tex. Ct. App. 1986); Vigne v. Superior Court In and For Los Angeles County, 37 Cal. App.2d 346, 99 P.2d 589 (1940).
Accordingly, we hold that the guardian of an incapacitated person cannot seek to rewrite the testamentary plan of a ward by contesting the validity of a revocable trust on the basis of undue influence. A finding to the contrary would defeat the evident purpose of the settlor/ward, and interfere with the settlor/ward's vested right to dispose of her property as she pleases. See Shriners Hospitals for Crippled Children v. Zrillic, 563 So.2d 64 (Fla. 1990); Skelton v. Davis, 133 So.2d 432 (Fla. 3d DCA 1961).
Finally, we are compelled to point out that the guardian's continued efforts to change the testamentary plan, only served to deplete Irene's estate and served no benefit whatsoever to Irene or her estate. This court has previously stated that: "`[I]f the [attorney's] services tend to break down, subtract from or dissipate the estate [the attorney] *171 cannot be compensated from it.'" In re Estate of Simon, 549 So.2d 210, 213 (Fla. 3d DCA 1989), review denied, 560 So.2d 788 (Fla. 1990), review denied sub nom Estate of Bertman v. Gastel, 560 So.2d 788 (Fla. 1990) (quoting In re Gleason's Estate, 74 So.2d 360, 362 (Fla. 1954)). It is the duty of the appellate court to maintain a constant and vigilant eye over the award of attorney's fees for appeals such as this. Here the guardian's actions did not relate to any matter within his power or duties, and were detrimental to the estate in prolonging baseless litigation. Under these facts and circumstances, this court will not countenance an award of attorney's fees to the guardian from the estate coffers.
In conclusion, we affirm the trial court's order dismissing the guardian's action to contest the revocable Totten trusts created by the ward. The trial court is instructed not to award attorney's fees to the guardian for these proceedings.
Affirmed.