PETERSON, Judge.
Barbara Whitley and Rita Aiello, as co-Guardians of the Person and Property of Eleanor Aiello, petitioned the circuit court for authorization to revoke the last will and testament of their ward, Eleanor Aiello, who was adjudicated incapacitated on April 11, 1996. The petitioners alleged that over a period of six years prior to the order of incapacity, Judith Craig befriended the ward, isolated her from friends and family, administered drugs to her to confuse her, exploited her, converted her assets, and persuaded her to execute a will naming Craig as the primary beneficiary. The trial court denied the petition to revoke the will, concluding that a will executed by a ward prior to the ward’s incapacity cannot later be revoked by the ward’s guardian.
We agree with the trial court and affirm. The Florida Guardianship Law, Chapter 744, Florida Statutes (1995), makes no provision for such an act by the guardian. See also Ullman v. Garcia, 645 So.2d 168 (Fla. 3d DCA 1994) (guardian has no authority to contest validity of revocable trust that was executed prior to an adjudication of incompetency); In re Guardianship of Sherry, 668 So.2d 659 (Fla. 4th DCA 1996) (guardian could not create new trust of ward’s assets under which remainder would go to different beneficiaries than those designated in ward’s will which was created before she was adjudicated incapacitated; doing so was tantamount to amending ward’s will, which was permitted under § 744.441 only in limited circumstances that did not apply).
The appellant, Barbara Whitley, alleges that her ward is adamant about revoking her existing will. We do not know if any specific rights were retained for the ward in the instant case, because the order appointing guardian was missing from the circuit court file at the time the record was forwarded to us. The Letters of Guardianship in the record do not indicate that any rights were preserved for the ward. In any event, Florida’s guardianship law does have the flexibility of providing for the restoration of some, if not all, of a ward’s rights if a sufficient degree of competency can be re-established. § 744.464, Fla. Stat. (1997).
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.